419 A.2d 601

**COMMONWEALTH of Pennsylvania**

v.

**Rita Darlene GALLO, Appellant.**

Superior Court of Pennsylvania.

Submitted April 12, 1979.

Filed April 11, 1980.

M. Dan Mason, Meadville, for appellant.

Paul H. Millin, District Attorney, Tionesta, for Commonwealth, appellee.

Before VAN der VOORT, SPAETH and WATKINS, JJ.

WATKINS, Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Forest County, Criminal Division, by the defendant–appellant, Rita Darlene Gallo, after her conviction by a jury on charges of arson and false report to a law enforcement officer.

Defendant was sentenced to six months to two years in prison, a $300 fine and restitution to the victim as a result of her convictions of the instant charges.

The defendant was arrested on August 17, 1976 and charged with arson and was arrested again on September 10, 1976 and charged with making a false report to a law enforcement officer and corruption of a minor. All charges arise from an incident which occurred on June 9, 1976 wherein a fire of incendiary origin burned several buildings. On January 14, 1977, the Commonwealth filed a Petition for Extension of Time in which to bring the defendant to trial. After hearings at which defendant presented no evidence, the court granted the Commonwealth's petition granting the Commonwealth until May 3, 1977 to commence the trial. Defendant later filed a Petition to Dismiss pursuant to Rule 1100 but this petition was dismissed. Defendant was then convicted by a jury of the offenses, a new trial was granted to the defendant, and on September 23, 1977 the defendant was found guilty by a jury of arson and false reports. Defendant now appeals the second convictions.

Defendant's first argument was that the court below erred when it granted the Commonwealth's petition to

extend the time because the Commonwealth did not show due diligence in attempting to bring the defendant to trial and because the Petition for Extension of Time contained only the docket number of the false reports charge. Defendant's counsel had requested that she be considered for the A.R.D. program. The A.R.D. proceeding had been scheduled for January 5, 1977, but defendant did not appear at the proceeding. Defendant's counsel appeared at the proceeding and informed the court that his services on behalf of the defendant had been terminated. In October of 1976, an A.R.D. questionnaire had been forwarded to the defendant but had not been completed by her on January 5, 1977. Because it was impossible to formally arraign the defendant and bring her to trial before the May Term of Court the Commonwealth's petition was granted. We see no error in this. The Commonwealth had not proceeded to arraign defendant because she, through her counsel, had requested placement in the A.R.D. program. Until January 5, 1977, the Commonwealth had no way of knowing that she would change her mind, dismiss her attorney, and fail to appear at the hearing scheduled for that date. Therefore, the circumstances which caused the delay in bringing defendant to trial were caused by the defendant and she cannot now complain of such delay. where a defendant is responsible for the delay he cannot later benefit from the delay that he, himself, caused. See *Commonwealth v. Jones*, 250 Pa.Super. 98, 378 A.2d 471 (1977); *Commonwealth v. Sampson*, 250 Pa.Super. 157, 378 A.2d 874 (1977).

Defendant also alleges that the court below erred when it permitted the arson and "corrupting" charges to be tried on May 3, 1977 because the Commonwealth's petition to extend the time contained only the docket number of the "false reports" charge.

The District Magistrate failed to comply with *Penna. Rule of Crim. Pro. 131(b)* when he used separate complaints for the three charges. Later the Clerk of Courts properly docketed the case "37, 38 and 39 of 1976". The Petition for Extension of Time filed by the Commonwealth contained

only the docket number "38 of 1976" and made no reference to any of the charges in the body of the petition. The defendant did not appear at the hearing relative to the time extension. Defendant's counsel now argues that she may have chosen to stay away from the hearing because she thought that the time was being extended only on the "False Reports" charge and not the arson and "corrupting" charges. In essence defendant's allegation is that the arson charge should have been dismissed because the petition contained the number "38 of 1976" instead of "37, 38 and 39 of 1976". Although the charges were originally given three separate numbers only one indictment was handed down by the Grand Jury. As the court below stated: "We fail to grasp the argument how Defendant could have been misled as to what particular charge the Commonwealth was attempting to extend rather than assume all the charges were under consideration." The Court below also took the position that it was compelled to follow the indictment rather than the complaints and that there is nothing under Rule 1100 procedurally controlling the method of numbering indictments which supports defendant's argument. Defendant's argument is that the Commonwealth's failure to place the additional two numbers on the petition is fatal to the Commonwealth's petition. With this we do not agree.

■ Defendant's second argument is that defendant's constitutional rights were violated when the police failed to inform her that she was a suspect before questioning her. The police did inform her of her *Miranda* rights. Defendant cites no Pennsylvania authority for her proposition that a defendant must be informed that he is a suspect before he may be questioned, *in addition to* being informed of his *Miranda* rights. We are not constrained to adopt this contention.

■ Defendant also argues that she was denied effective assistance of counsel at her trial because: (1) Her trial counsel allowed a local fire chief and a state policeman to testify that in their opinion the fire was of an incendiary origin without first challenging their qualifications and; (2)

because he failed to call defendant's mother as a witness relative to the "false reports" situation when the defendant's mother would have testified that she, too, saw a person at the scene of the fire who defendant also claimed to have seen. Regarding the first contention it was established that the fire chief was a "trained fire marshall", that he has four years experience as fire chief and had investigated numerous fires. On cross–examination the defendant's counsel challenged the witness's qualification and got him to admit that the State Fire Marshall normally investigates fires where arson is suspected. Defendant's counsel also challenged Trooper Muse's status as a fire inspector. (Muse also had expressed an opinion to the effect that the fire was of incendiary nature). A review of the record reveals that sufficient factual information as to the observations made by the witnesses at the scene of the fire was adduced so as to enable them to testify as they did. (Fires occurred in both the dwelling and the garage in smoldering furniture). It was also established that Trooper Muse had investigated numerous fires and that there were many different points of ignition of the fires. Defendant's defense was that she did not set the fires not that the fires were not deliberately set. Trial counsel's strategy was not to attack the conclusion that the fires were of an incendiary origin but was to absolve defendant of any responsibility for the fires. This strategy was not devoid of any reasonable basis in light of the overwhelming evidence tending to prove that the fires were deliberate.

■ Finally defendant argues that her counsel failed to call her mother to the stand to testify that the mother saw a person at the scene of the fire whom defendant claims to have seen. (Commonwealth witnesses proved the person in question was many miles away at the time). Defendant testified at trial and it is her contention that her mother's testimony would have added credibility to her own testimony. From the record we cannot determine the reason for the failure to call her mother to the witness stand.

We remand this case for a Post Conviction Hearing Act hearing limited to the issue of competency of trial counsel.

SPAETH, J., concurs in the result.