473 A.2d 1047
**COMMONWEALTH of Pennsylvania**
v.
**Kevin Joseph CADEN, Appellant.**
Superior Court of Pennsylvania.
Submitted Oct. 3, 1983.
Filed March 9, 1984.

Howard J. Gallagher, III, Assistant Public Defender, Media, for appellant.

Dennis C. McAndrews, Assistant District Attorney, Media, for Commonwealth, appellee.

Before SPAETH, President Judge, and HESTER and LIPEZ, JJ.

HESTER, Judge:

On February 9, 1982, appellant was adjudged guilty of burglary in a non-jury trial by the Court of Common Pleas of Delaware County. Charges of criminal trespass, theft by unlawful taking, and criminal mischief merged into the aforesaid conviction.[1] Following the denial of post-verdict motions, appellant filed this appeal.

Three issues are raised herein: first, whether the trial court erred in denying appellant's motion to dismiss for double jeopardy; second, whether appellant's motion to dismiss under Rule 1100 was properly denied; and third, whether the trial court properly refused appellant's demurrer. After reviewing the record, we conclude that all the contentions are lacking in merit. Hence, we affirm.

The facts which led to the prosecution in this case are as follows. On May 11, 1981, at 11:39 p.m., police in Delaware County were notified that a flatbed truck had been stolen from Blenheim Motors, Inc. Approximately three and one-half hours later, appellant was apprehended by Montgomery County police while he was operating said vehicle. The police discovered that appellant was also in possession of a stolen farm tractor which he was transporting on the flatbed truck. In addition to the above-cited Delaware County charges, appellant was also charged by the Montgomery authorities with two counts of theft by receiving stolen property, unauthorized use of a motor vehicle, and possession of a controlled substance. On October 19, 1981, in Montgomery County, appellant entered a plea of guilty to one count of receiving stolen property and possession of a controlled substance. The remaining counts were dismissed.

1. Appellant asserts that he was also charged with unauthorized use of a motor vehicle and receiving stolen property. This Court cannot find any evidence of the first charge in the record. It appears that the second charge was dismissed at the preliminary hearing. Any discussion of double jeopardy with respect to this charge would be irrelevant since jeopardy only attaches "in a non-jury prosecution when the court has begun to hear evidence." *Commonwealth v. Arelt*, 308 Pa.Super. 236, 241, 454 A.2d 108, 111 (1982). Since this count was dismissed well before that time, jeopardy never attached.

Herein, appellant contends that the Commonwealth purposely engaged in piecemeal litigation, thereby subjecting him to repeated prosecutions for offenses stemming from the same criminal episode. In light of the prohibition of double jeopardy, appellant argues that his Montgomery County conviction barred any further prosecution in Delaware County.

Appellant's argument is premised upon 18 Pa.C.S.A. § 110 which states in relevant part:

"Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in Section 109 of this title ... and the subsequent prosecution is for:

(i) any offense of which the defendant could have been convicted on the first prosecution;

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court ... or

(iii) the same conduct, unless:

(A) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil...."

■ Preliminarily, we note that appellant's Montgomery County guilty plea does constitute a conviction for purposes of the above statute. See 18 Pa.C.S.A. § 109. However, that is the only aspect of appellant's case which satisfies any of the requirements of § 110.

■ Appellant could not have been convicted in Montgomery County of the offenses with which he was charged

in Delaware County. The counts of burglary, criminal trespass, theft by unlawful taking, and criminal mischief relate to the act of entering Blenheim Motors, Inc., and removing one of its vehicles. The locus of this criminal conduct was situated within the boundaries of Delaware County, thus requiring appellant to be prosecuted there. It is a fundamental precept of law that " 'the court has no jurisdiction of the offense unless it occurred within the county of trial ...' " *Commonwealth v. Thomas*, 305 Pa. Super. 158, 162, 451 A.2d 470, 472 (1982), citing *Commonwealth v. Mull*, 316 Pa. 424, 426, 175 A. 418, 419 (1934). Since Montgomery County lacked jurisdiction over these offenses, appellant could not have been convicted of these offenses in the first prosecution. This Court recently addressed a similar contention in *Commonwealth v. Nichelson*, 294 Pa.Super. 438, 443–444, 440 A.2d 545, 548 (1982). Therein, we noted, " 'the application of § 110 requires that the offense must have been within the jurisdiction of a single court.' " These offenses were committed against the peace of the respective counties, and appellant was properly charged in both.

■ Appellant also cannot argue that his conviction in Montgomery County arose from the same criminal episode which supported his conviction in Delaware County. Appellant's guilty plea to receiving stolen property was founded upon his possession of the farm tractor, which was not on the flatbed truck when it was originally stolen. His conviction in Delaware County centered on the unlawful removal of the flatbed truck from Blenheim Motors. Under these facts, the same criminal episode element of § 110 has not been met. See *Commonwealth v. Miller*, 278 Pa.Super. 103, 419 A.2d 1378 (1980). Therefore, the instant prosecution is not barred on that basis.

■ The only Montgomery County charge which arguably arose from the criminal conduct perpetrated in Delaware County was one count of receiving stolen property

(i.e., the flatbed truck).[2] However, as stated above, that offense occurred beyond the jurisdiction of the Delaware County Court. Moreover, the law defining that offense "intended to prevent a substantially different harm," that is, the unauthorized intentional receipt, retention, or disposition of movable property, than the charges which are the subject of this appeal. For all of the above reasons, the lower court did not err in denying appellant's motion to dismiss for double jeopardy.[3]

Appellant secondly complains that the trial court erred in denying his motion to dismiss pursuant to Pa.R.Crim.P. 1100 (hereinafter Rule 1100). That rule provides, in pertinent part:

Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974, shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed.

Pa.R.Crim.P. 1100(a)(2). The complaint in the case at bar was issued on May 13, 1981, thereby establishing a run date of November 9, 1981. Trial was scheduled for November 16, 1981. On November 10, 1981, one day past the run date, appellant filed a motion to dismiss.[4] Said motion was

2. This count was dismissed when appellant pleaded guilty to receiving stolen property (i.e., the farm tractor) and possession of a controlled substance.

3. Appellant's double jeopardy argument is in reality self-defeating. An accused who is aware of charges filed against him in separate townships that are based on the same criminal episode, and who fails to move for a consolidation of these charges, waives his statutory right to have those charges combined in one prosecution. *Commonwealth v. Johnson*, 319 Pa.Superior Ct. 463, 469, 466 A.2d 636, 639 (1983); *Commonwealth v. Quackenbush*, 314 Pa.Super. 324, 460 A.2d 1162 (1983). It is clear appellant knew of the charges levelled against him in Delaware County since he was so charged while incarcerated in Montgomery County. Therefore, if the charges arose from the same criminal episode, any § 110(1)(iii) claim is waived due to appellant's failure to move for consolidation. If they do not arise from the same conduct, as we do so hold, and are subject to the jurisdiction of two separate courts, no violation of § 110 occurred.

4. A typographical error committed by the District Justice placed the filing of the complaint at May 23, 1981, rather than May 13, 1981.

denied. Appellant contends that the Commonwealth failed to try him within the requisite period and he should therefore be discharged.

When an accused applies for dismissal of charges due to an alleged violation of Rule 1100, we must first determine whether or not circumstances were present which warranted the exclusion of any period of time pursuant to section (d). *Commonwealth v. Shelton,* 469 Pa. 8, 13–14, 364 A.2d 694, 696 (1976). This section provides:

> In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceeding which results from:
>
> (1) the unavailability of the defendant or his attorney
>
> . . .

Pa.R.Crim.P. 1100(d)(1). The comment to this section defines an unavailable defendant as one who is "physically or mentally incompetent to proceed."

In the instant case, appellant attempted to commit suicide subsequent to his arrest. Consequently, he was involuntarily committed to Norristown State Hospital under the Mental Health and Mental Retardation Act of October 20, 1966, P.L. 96, Art. IV, 50 P.S. § 4101 et seq. The purpose of this hospitalization was to provide appellant with appropriate treatment during that critical time. The total period of hospitalization was twenty days from June 3rd to 23rd,

Consequently, trial was unknowingly set for a date beyond the 180-day period. In light of our finding that no Rule 1100 violation occurred, we need not address the effect of this error on the run date. However, we note that appellant was silent regarding that error, and chose to permit all parties to rely upon the District Court's transcript when setting the trial date. Only after the correct run date passed did he reveal the error in his motion to dismiss. Our Supreme Court observed in *Commonwealth v. Brown,* 497 Pa. 7, 11–12, 438 A.2d 592, 594 (1981), "[w]hile it is true that a defendant has no duty to bring himself to trial, see *Commonwealth v. Roundtree,* 469 Pa. 241, 364 A.2d 1359 (1976), a defendant has no right to mislead the court and the Commonwealth as to the suitability of a particular trial date once that date has been set." Therein, waiver of Rule 1100 was deemed to have occurred. We would likewise be inclined to hold that appellant's actions constituted waiver. However, as stated above, it is unnecessary for us to do so.

1981, and necessitated a postponement of the preliminary hearing from June 11 to June 29, 1981.

■ We have held in the past that defendants who are hospitalized when seriously ill are deemed unavailable for purposes of Rule 1100(d)(1). *Commonwealth v. Whitner,* 278 Pa.Super. 175, 420 A.2d 486 (1980); *Commonwealth v. Quinlan,* 259 Pa.Super. 536, 393 A.2d 955 (1978); *Commonwealth v. Haynes,* 245 Pa.Super. 17, 369 A.2d 271 (1976). When a defendant's condition renders him "physically or mentally incompetent," criminal proceedings against him must be continued to such time as he is able to participate therein. Those periods of time during which he is incapacitated must be excluded from the 180-day period within which he must be brought to trial.

■ It is true that we have refused to exclude periods of hospitalization when a defendant has been ruled competent to stand trial, yet remained committed. *Commonwealth v. Fisher,* 283 Pa.Super. 370, 424 A.2d 510 (1980); *Commonwealth v. Quinlan,* supra. However, when an accused is in the process of being examined to determine the state of his mental health, we have ruled those periods to be excludable. *Id.* We find the instant facts to be similar in that appellant required immediate hospitalization to stabilize his precarious mental condition. We therefore exclude the twenty days from the mandatory period within which appellant should have been tried.[5] In doing so, the adjusted run date

5. This conclusion is consistent with previous holdings of our court wherein we ruled that a defendant may not benefit from delay that he has caused. *Commonwealth v. Machi,* 294 Pa.Super. 338, 439 A.2d 1230 (1982); *Commonwealth v. Gallo,* 276 Pa.Super. 562, 419 A.2d 601 (1980); *Commonwealth v. Jones,* 250 Pa.Super. 98, 378 A.2d 471 (1977). The circumstances which caused a delay in bringing appellant to trial, appellant's hospitalization following his suicide attempt, were created by appellant's own actions. If we did not exclude this period, the Commonwealth would be forced to bring appellant to trial in a shorter time than is legislatively mandated. Such a result would increase the chance of a Rule 1100 violation, and thereby weaken "society's right to punish and deter crimes." *Commonwealth v. Reihart,* 302 Pa.Super. 515, 517, 449 A.2d 35, 36 (1982).

became November 29, 1981. Therefore, the originally scheduled trial date of November 16, 1981, was timely.

 Although appellant was not tried on that date, Rule 1100 was not violated because the Commonwealth petitioned for and received an extension of time. Rule 1100(c)(1) and (3) provide:

At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial.

. . . . .

Such motions ... shall be granted only upon findings based upon a record showing that trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth.

On November 16, 1981, which was also the date of the Rule 1100 hearing, the Commonwealth was unable to commence trial because of the illness and hospitalization of an essential eyewitness. The Commonwealth therefore requested and received a reasonable period of time for the recuperation of that witness.

It is firmly settled that periods of delay due to the unavailability of a hospitalized Commonwealth witness may be the basis for an extension of time for commencement of trial. *Commonwealth v. Schuster,* 288 Pa.Super. 310, 431 A.2d 1063 (1981); *Commonwealth v. Brown,* 252 Pa.Super. 365, 381 A.2d 961 (1977). We, therefore, conclude that the Commonwealth met its burden of establishing that, despite its due diligence, trial could not proceed prior to the run date. Thus, the lower court did not err in granting the Commonwealth's petition for an extension of time and in denying appellant's motion to dismiss.[6]

Finally, appellant asserts that the verdict was against the weight of the evidence and law. He therefore contends

6. Appellant does not contest the unavailability of this witness as an improper basis upon which the extension of time was granted.

that the trial judge erred in denying his demurrer and motion for a directed verdict. The basis of his argument is that mere possession of a stolen item is insufficient to justify a finding of guilty beyond a reasonable doubt.

In addressing such arguments previously, this Court opined that possession alone of the stolen property cannot support a conclusion of guilt; rather, evidence of the surrounding circumstances must be considered. *Commonwealth v. Simmons*, 233 Pa.Super. 547, 336 A.2d 624 (1975). These factors include the situs of the theft and that of the stolen property when found; the type of property; and the elapsed time between the theft and the defendant's arrest.

█ It is clear from an examination of the surrounding circumstances that the evidence supports a finding of guilt. A mere three hours and twenty minutes elapsed between the perpetration of the crime and the recovery of the property. The stolen truck was a vehicle capable of easy movement and was discovered in appellant's possession in an area which was approximately an hour's drive from the crime scene. The place, time, and circumstances under which appellant was found with the truck support an inference of his guilt, which "more likely than not [flows] from the proven facts on which it is made to depend." *Commonwealth v. Shaffer*, 447 Pa. 91, 108, 288 A.2d 727, 737 (1972), cert. den. 409 U.S. 867, 93 S.Ct. 164, 34 L.Ed.2d 116 (1972).

Consequently, we hold that the Commonwealth met its burden of providing sufficient evidence upon which the trial court, sitting as arbiter of fact, could conclude beyond a reasonable doubt that appellant was guilty. The demurrer and motion for a directed verdict being properly denied, we affirm.

Judgment of sentence affirmed.

SPAETH, President Judge, concurs in the result.