514 A.2d 926

**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Daniel MANSBERRY.**

Superior Court of Pennsylvania.

Argued May 1, 1986.

Filed Sept. 5, 1986.

Edward M. Clark, Assistant District Attorney, Pittsburgh, for Commonwealth, appellant.

Mitchell A. Kaufman, Assistant Public Defender, Pittsburgh, for appellee.

Before DEL SOLE, MONTEMURO and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal by appellant, the Commonwealth of Pennsylvania, from an order denying its petition to extend the time for trial and dismissing the charges and discharging appellee, Daniel Mansberry, entered in the Allegheny County Court of Common Pleas. We vacate and remand.

A criminal complaint was issued against appellee on December 15, 1983. On March 25, 1985, the Commonwealth filed a petition to extend the time for trial pursuant to Pa.R.Crim.P. 1100. Appellee made an oral motion to dismiss the complaint under Rule 1100. The Commonwealth's

petition was denied, and appellee's motion to dismiss the complaint was granted. A petition for reconsideration was denied. This appeal followed.

The sole issue presented upon appeal is whether the time appellee was hospitalized for mental disability was excludable in computing the time for trial pursuant to Pa.R.Crim.P. 1100.

From December 15, 1983 (date complaint filed) until March 25, 1985 (date petition filed), a period of 466 days expired. Pursuant to Rule 1100, it was the Commonwealth's obligation to prove that the 286 or more days in question was time to be excluded in the computation of 180 days.

The Commonwealth contends that appellee was hospitalized for treatment pursuant to involuntary commitments at Mayview State Hospital, (hereinafter referred to as "Mayview"), and Farview State Hospital, (hereinafter referred to as "Farview"), for a total of 280 days. Appellee's initial involuntary commitment came as a result of a request by defense counsel following appellee's first suicide attempt. In addition, the Commonwealth also contends that appellee was a fugitive for 35 days, a period which is also excludable under Rule 1100. Accordingly, the Commonwealth contends that its petition was timely filed, there being at least 29 days remaining before the expiration of the speedy trial period. We agree.

In *Commonwealth v. Genovese*, 493 Pa. 65, 69–70, 425 A.2d 367, 369–70 (1981), the Court held:

Rule 1100 "serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society." *Commonwealth v. Brocklehurst*, 491 Pa. 151 [153–54], 420 A.2d 385, 387 (1980); *Commonwealth v. Hamilton*, 449 Pa. 297, 297 A.2d 127 (1972). In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. *Commonwealth v.*

*Johnson,* 487 Pa. 197, 409 A.2d 308, n. 4 (1980). The administrative mandate of Rule 1100 certainly was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

When an accused applies for dismissal of charges due to an alleged violation of Rule 1100, the court must first determine whether or not circumstances were present which warranted the exclusion of any period of time pursuant to section (d). *Commonwealth v. Shelton,* 469 Pa. 8, 12, 364 A.2d 694, 696 (1976).

Pa.R.Crim.P. 1100(d)(1) provides that in determining the period for commencement of trial, there shall be excluded:

the period of time between the filing of the written complaint and the defendant's arrest; provided that the defendant could not be apprehended because his whereabouts were unknown and could not be determined by due diligence.

In the case at bar, appellee was a fugitive between December 15, 1983, the date the complaint was filed, and January 19, 1984, the date of appellee's arrest by Pittsburgh Police. This period totals 35 days and is excludable pursuant to Rule 1100(d)(1). Appellee himself concedes that this period is excludable. (Appellee's Brief, p. 4).

Pa.R.Crim.P. 1100(d)(3)(ii) also provides that there shall be excluded such period of delay at any stage of the proceedings as results from:

(ii) any continuance granted at the request of the defendant or his attorney.

In the case at bar, appellee was initially committed to Mayview on January 26, 1984 at the request of his defense counsel, following a suicide attempt while in jail. Therefore, the commitment requested by appellee's counsel and granted by the Court of Common Pleas of Greene County is a cause for exclusion of this period under Rule 1100(d)(3)(ii). *Commonwealth v. Bankston,* 332 Pa.Super. 393, 399, 481 A.2d 672, 676 (1984). *Commonwealth v. Fisher,* 334 Pa.Super. 449, 453, 483 A.2d 537, 539 (1984). In this case, the

Commonwealth was ready to afford appellee his right to a speedy trial; however, it was the appellee who caused the delay. A defendant may not benefit from a delay that he has caused. *Commonwealth v. Machi*, 294 Pa.Super. 338, 343, 439 A.2d 1230, 1233 (1982).

Finally, Pa.R.Crim.P. 1100(d)(3)(i) provides that there shall be excluded such period of delay at any stage of the proceedings as results from:

(i) the unavailability of the defendant or his attorney. A defendant is deemed unavailable for the period of time during which he is "physically or mentally incompetent to proceed." Rule 1100, Comment.

The Commonwealth is constitutionally barred from trying a defendant who is incompetent. *Commonwealth v. McQuaid*, 464 Pa. 499, 518–20, 347 A.2d 465, 475–76 (1975). The periods of time during which an accused is in the process of being examined to determine the state of his mental health are also excludable. *Commonwealth v. Fisher*, 334 Pa.Super. 449, 453, 483 A.2d 537, 539 (1984). However, this court has refused to exclude periods of hospitalization when a defendant has been ruled competent to stand trial, yet remained committed. *Commonwealth v. Fisher*, 283 Pa.Super. 370, 372–75, 424 A.2d 510, 511–12 (1980).

In addition, this court has held that a defendant who is hospitalized for a physical illness or injury is deemed unavailable for purposes of Rule 1100(d). *Commonwealth v. Glessner*, 337 Pa.Super. 140, 142, 486 A.2d 521, 522 (1985).

However, in the instant case, appellee was not physically ill, nor was he ever found to be mentally competent or incompetent. Rather, he was involuntarily committed to Mayview and Farview as the result of two suicide attempts.

In *Commonwealth v. Caden*, 326 Pa.Super. 192, 473 A.2d 1047 (1984), this court addressed the situation where a defendant was hospitalized pursuant to an involuntary commitment and subsequently released without a declaration of competency ever being entered. In *Caden*, the defendant attempted to commit suicide subsequent to his arrest. The

defendant was involuntarily committed to Norristown State Hospital under the Mental Health and Mental Retardation Act of October 20, 1966, P.L. 96, Art. IV, 50 P.S. § 4101 et seq. The court held in *Caden* that "the purpose of this hospitalization was to provide appropriate treatment during that critical time." In *Caden*, the total period of hospitalization was 20 days and necessitated a postponement of defendant's preliminary hearing.

In *Caden*, the defendant was not physically ill, nor was he ever declared to be mentally competent or incompetent. However, the court declared the defendant unavailable for the entire period of his hospitalization. The court ruled:

> It is true that we have refused to exclude periods of hospitalization when a defendant has been ruled competent to stand trial, yet remained committed. *Commonwealth v. Fisher*, 283 Pa.Super. 370, 424 A.2d 510 (1980); *Commonwealth v. Quinlan*, supra [, 259 Pa.Super. 536, 393 A.2d 955 (1978)]. However, when an accused is in the process of being examined to determine the state of his mental health, we have ruled those periods to be excludable. *Id.* We find the instant facts to be similar in that appellant required immediate hospitalization to stabilize his precarious mental condition. We therefore exclude the twenty days from the mandatory period within which appellant should have been tried.

*Commonwealth v. Caden*, supra, at 326 Pa.Superior Ct. 201, 473 A.2d 1051.

The facts in the instant case are very similar to those in *Caden*. In the case at bar, as in *Caden*, appellee attempted to commit suicide subsequent to his arrest. Upon request of defense counsel, the court ordered appellee involuntarily committed to Mayview. This commitment lasted from January 26, 1984 until March 15, 1984. While at Mayview, appellee attempted to commit suicide a second time. Following his second suicide attempt, appellee was involuntarily committed to Farview from March 15, 1984 until May 3, 1984. Appellee was then committed to Mayview, where he remained until August 9, 1984. During this time, appellee

voluntarily extended his hospital stay for six days. After a brief transfer to the State Correctional Institute of Pittsburgh on a detainer for parole violation, on August 23, 1984, appellee was again committed by the court to Mayview, pursuant to Section 304 of the Mental Health Procedures Act (50 Pa.S.A. § 7304), where he remained until November 21, 1984. He was then returned to the State Correctional Institute of Pittsburgh.

The total period of hospitalization in question lasted 280 days. During this time, several scheduled preliminary hearings were postponed. Finally, due to appellee's continued unavailability, the criminal information was finally filed by the Commonwealth without a preliminary hearing, pursuant to Pa.R.Crim.P. 231.

The lower court refused to exclude the periods of hospitalization in question because there was no evidence presented of appellee's incompetence. However, in *Caden*, this court refused to decide the issue of excludable time on the basis of a formal determination of competence. Instead, the *Caden* court held the defendant to be unavailable until the treatment he was receiving "to stabilize his precarious mental condition" was no longer required. *Commonwealth v. Caden*, supra, 326 Pa.Superior Ct. at 201, 473 A.2d at 1051.

Like the defendant in *Caden*, appellee was initially committed as the result of a suicide attempt. However, in the instant case, appellee attempted suicide on two' separate occasions and required treatment for an extended period of time. Thus, as in *Caden*, the purpose of appellee's hospitalization was to provide appellee with appropriate treatment during these critical times. *Commonwealth v. Caden*, supra, 326 Pa.Superior Ct. at 201, 473 A.2d at 1051. Under involuntary commitment, hospitalization is intended to make treatment available where it is needed and where the absence of treatment endangers that person or others. 50 Pa.S.A. § 7301. The Mental Health Procedures Act requires that the defendant demonstrates a clear and present danger to himself and others. In the case at bar, appel-

lant's two suicide attempts are clear indications that appellee presents such a threat to himself and others. 50 Pa.S.A. § 7301(b)(2)(ii). Thus, appellee was treated for his condition, and the treatment was continued until it was concluded that appellee was no longer in need of such specialized treatment.

It is the Commonwealth's task to prove by a preponderance of evidence that it acted with due diligence to bring this case to trial. *Commonwealth v. Burke,* 344 Pa.Super. 288, 291, 496 A.2d 799, 801 (1985). *Commonwealth v. Ehredt,* 485 Pa. 191, 193, 401 A.2d 358, 360 (1979). The test to be utilized in determining whether the Commonwealth acted with due diligence is one of reasonableness under the circumstances. *Commonwealth v. Burke,* supra, 344 Pa. Superior Ct. at 292, 496 A.2d at 801. *Commonwealth v. Williams,* 317 Pa.Super. 456, 468, 464 A.2d 411, 417 (1983), quoting *Commonwealth v. Wroten,* 305 Pa.Super. 340, 345, 451 A.2d 678, 681 (1982). Whether unavailability of a person for trial will preserve the Commonwealth's evidence of due diligence rests on whether the person was within the Commonwealth's control. *Commonwealth v. Burke,* supra, 344 Pa.Superior Ct. at 292, 496 A.2d at 801; *Commonwealth v. Singleton,* 313 Pa.Super. 224, 228, 459 A.2d 821, 823 (1983).

In the case at bar, appellee was not within the Commonwealth's control during the period when he was a fugitive. Appellee was also not within the Commonwealth's control for those periods that he was involuntarily committed by the court to Mayview and Farview. Appellee was admitted for treatment following his first suicide attempt, and the treatment was extended for various periods of time until it was concluded by the court and the directors of said institutions that appellee was no longer in need of such specialized treatment. Thus, the Commonwealth should not be penalized for delays it neither caused nor could prevent.

The Commonwealth contends that the procedural requirements of 50 Pa.S.A. § 7301 were satisfied for each involun-

tary commitment and extension of appellee's hospitalization. The record shows that the Commonwealth knew where appellee was during these periods of involuntary commitment following appellee's two suicide attempts and that he was undergoing treatment for his precarious mental condition, but the Commonwealth had no control over appellee during his treatment. In addition, neither appellee nor his defense counsel objected to or appealed from the numerous commitment orders. This court has held: "Where, as here, the defendant has assented to a period of delay and later takes advantage of it, we should be loathe to find a violation of the accused's speedy trial rights." *Commonwealth v. Fisher*, supra, 334 Pa.Superior Ct. at 457, 483 A.2d at 541. Also, as stated before, a defendant may not benefit from delay that he has caused. *Commonwealth v. Machi*, supra, 294 Pa.Superior Ct. at 344, 439 A.2d at 1233. The circumstances which caused a delay in bringing appellee to trial in this case, the period when appellee was a fugitive and appellee's hospitalization following his suicide attempt, were created by appellee's own actions. Our Supreme Court has held: "The administrative mandate of Rule 1100 certainly was not designed to insulate the criminally accused from good faith prosecution delay through no fault of the Commonwealth." *Commonwealth v. Crowley*, 502 Pa. 393, 466 A.2d 1009, 1012, quoting *Commonwealth v. Genovese*, supra, 493 Pa. at 69–72, 425 A.2d at 369–370.

Therefore, since appellee was hospitalized for treatment for 280 days and a fugitive for 35 days, a total of 315 days were excludable from the 466 days that elapsed between the filing of the complaint and the filing of the Commonwealth's petition. Thus, under Pa.R.Crim.P. 1100, at least 29 days remained before the expiration of the speedy trial deadline.

Accordingly, the Order denying the Commonwealth's petition to extend the time for trial and granting appellee's motion for dismissal and discharge is vacated, and the case is remanded for trial. Jurisdiction is relinquished.