577 A.2d 607

**COMMONWEALTH of Pennsylvania**

v.

**Frederick E. WOMMER, Appellant.**

Superior Court of Pennsylvania.

Argued April 25, 1990.

Filed June 26, 1990.

Ronald L. Collins, Clearfield, for appellant.

Fredric J. Ammerman, Dist. Atty., Clearfield, for Com., appellee.

Before CIRILLO, President Judge, and CAVANAUGH, ROWLEY, WIEAND, OLSZEWSKI, DEL SOLE, TAMILIA, JOHNSON and HUDOCK, JJ.

OLSZEWSKI, Judge:

After trial by jury, Frederick Wommer was found guilty of first-degree murder but mentally ill. He appeals his judgment of sentence, arguing that the trial court erred in denying his petition to dismiss pursuant to Pa.R.Crim.P. 1100. He asserts that the trial court should not have extended the time for trial because of his involuntary civil commitment in a state hospital. He also argues that the trial court should have granted a mistrial due to prosecutorial misconduct. We find no error; accordingly, we affirm the decision of the trial court.

In April, 1987, Frederick Wommer was charged with criminal homicide. His preliminary hearing was continued for psychiatric evaluation of his competence to stand trial. In June, 1987, Wommer was found competent to stand trial, the preliminary hearing proceeded, and arraignment was scheduled. Before arraignment, Wommer attempted suicide and was committed to a state hospital pursuant to a petition for involuntary civil commitment. Wommer's criminal case was removed from the arraignment list.

By September 29, 1987, less than a month before the Pa.R.Crim.P. 1100 mechanical run date, Wommer had not yet been arraigned. The Commonwealth petitioned the court to order Wommer's return for purposes of arraignment, pre-trial preparation, scheduling for trial, and trial. That motion was heard on October 30, 1987, along with a petition for extension of time under Rule 1100. The trial court never formally responded to the petition for Wommer's return, though it entered orders for Wommer's return as they became necessary. The court granted the petition for extension of time, as well as a subsequent similar

petition. The defendant was tried in April, 1988, and the jury returned a verdict of guilty but mentally ill.

■ Wommer asserts that the trial court erred in granting the Commonwealth's petitions for extension of time. He notes that under *Commonwealth v. Fisher*, 283 Pa.Super. 370, 424 A.2d 510 (1980), time spent in a state hospital during involuntary commitment is not excludable time under Rule 1100. We have reviewed *Fisher* and subsequent cases carefully, and we find that the panel's decision in *Fisher* was erroneous. Accordingly, we must overrule *Commonwealth v. Fisher* and affirm the decision of the trial court.

Rule 1100(c) provides that "[i]n determining the period for commencement of trial, there shall be excluded therefrom: ... (3) such period of delay at any stage of the proceedings as results from: (i) the unavailability of the defendant or his attorney." The comments explain "unavailability:"

[i]n addition to any other circumstances precluding the availability of the defendant or his attorney, the defendant should be deemed unavailable for the period of time ... during which the defendant was physically or mentally incompetent to proceed.

In the last ten years, three cases have examined the application of this unavailability provision to involuntary civil commitment. In *Commonwealth v. Fisher*, 283 Pa.Super. 370, 424 A.2d 510 (1980), the defendant was examined, was found incompetent to stand trial, and was committed to a mental health facility. The defendant was later found competent but remained committed pending trial. Subsequently, the defendant was found incompetent, and then was found competent again. The trial court granted an extension due to the defendant's commitment.

Upon review, a panel of this Court found that the trial court erred in concluding that Fisher was unavailable for trial throughout the period of hospitalization. Relying on the explanatory comments to Rule 1100, the panel found that a committed defendant is not "unavailable" unless he

is "mentally incompetent to proceed," that is, unless he is incompetent to stand trial. The Court, therefore, found that the time while Fisher was committed but competent was erroneously excluded. Fisher's conviction was reversed.

Two subsequent panel decisions have called the *Fisher* rule into question. In *Commonwealth v. Caden,* 326 Pa. Super. 192, 473 A.2d 1047 (1984), the defendant attempted to commit suicide after his arrest. He was involuntarily committed for twenty days to stabilize his mental condition. A panel of this Court found that those twenty days were excludable time under Rule 1100 because the defendant "required immediate hospitalization to stabilize his precarious mental condition." *Caden, supra,* 326 Pa.Superior Ct. at 201, 473 A.2d at 1051. The panel further noted that "[t]he circumstances which caused a delay in bringing appellant to trial, appellant's hospitalization following his suicide attempt, were created by appellant's own actions," *Caden, supra,* 326 Pa.Superior Ct. at 201 n. 5, 473 A.2d at 1051 n. 5, and a defendant should not benefit from a delay that he caused.

Similarly, in *Commonwealth v. Mansberry,* 356 Pa.Super. 413, 514 A.2d 926 (1986), the defendant was committed as a result of suicide attempts. The panel noted that the defendant was committed to provide appropriate treatment at a critical time, that the defendant was not under the Commonwealth's control during the period of commitment, and that the delay was caused by the defendant's own actions. Following *Caden,* the panel found that the 280–day period of hospitalization was excludable time.

We believe that the approach taken in *Caden* and *Mansberry* is the better reasoned approach; consequently, we overrule *Commonwealth v. Fisher,* 283 Pa.Super. 370, 424 A.2d 510 (1980). The panel's decision in *Fisher* relies solely on the explanatory comment that periods of physical or mental incompetence are excludable. From this comment, the panel concluded that a defendant is available if he is competent. This conclusion is erroneous. The comment states that periods of mental incompetency should be ex-

cluded "in addition to any other circumstances precluding the availability of the defendant or his attorney." Thus, the reference to mental incompetency in the comment is merely an example of unavailability; it is not a limitation on unavailability.

In accord with *Commonwealth v. Caden*, 326 Pa.Super. 192, 473 A.2d 1047 (1984) and *Commonwealth v. Mansberry*, 356 Pa.Super. 413, 514 A.2d 926 (1986), we find that a defendant is "unavailable" for trial under Rule 1100(c)(3)(i) whenever he is involuntarily civilly committed. By definition, any period of involuntary civil commitment provides appropriate treatment at a critical time, because involuntary civil commitment occurs only when a person is severely mentally disabled and in need of immediate treatment. 50 Pa.C.S.A. § 7301.

Our holding today also increases the consistency of the application of excludable time under Rule 1100. This Court has recognized that a person who is hospitalized for a physical illness is unavailable for trial. *See, e.g., Commonwealth v. Glessner*, 337 Pa.Super. 140, 486 A.2d 521 (1985). Mental illnesses should be given equal treatment under Rule 1100. In addition, our holding recognizes that delays from commitment are caused by the defendant and are beyond the Commonwealth's control. *See, e.g., Commonwealth v. Gallo*, 276 Pa.Super. 562, 419 A.2d 601 (1980) (defendant cannot benefit from delays caused by her actions). Furthermore, our holding recognizes the practical difficulties involved in trying a defendant while he is being treated in a state hospital. From the record, it appears that this case was delayed on several occasions due to the difficulty in obtaining Wommer. *See also Commonwealth v. Mansberry*, 356 Pa.Super. at 418–20, 514 A.2d at 929 (several scheduled preliminary hearings were postponed during the hospitalization).

We find that the period of hospitalization was excludable under Rule 1100; consequently, the trial was timely.

■ Wommer also argues that the trial court erred in failing to grant a mistrial due to "prosecutorial miscon-

duct." During discovery and at the preliminary hearing, the Commonwealth claimed that a latent footprint found at the scene of the crime was not appropriate for comparison with Wommer's sneakers. At trial, Trooper Richard Brown testified that there was some similarity between the latent print and Wommer's sneaker.

We have reviewed the record carefully, and we find that the difference between Trooper Brown's testimony and the Commonwealth's position before trial is not substantial. Although Trooper Brown apparently tried to suggest some similarity between Wommer's sneakers and the print, he finally said, "what I attempted to do was try to make a comparison to this partial shoe print that I found on the floor to the shoes of Frederick Wommer. I couldn't do that. There's not enough of characteristics in this partial latent that I am able to say that whoever left this footprint on the floor was indeed wearing a sole ... that had a pattern similar to this." N.T., April 27, 1988, Vol. II at 127. Furthermore, the trial court allowed broad cross-examination regarding any inconsistency in the trooper's testimony. Accordingly, we find that any error in admitting the testimony was harmless.

Judgment of sentence affirmed.