## Commonwealth v. Jaworski

*Matthew R. Hayes* and *William R. Cunningham, assistant district attorneys,* for the Commonwealth. *Robert J. Trambley,* for defendant.

LEVIN, *J.,* July 12, 1991—This matter is before the court on the Commonwealth's motion for recon-

sideration of an order dismissing charges against defendant pursuant to Pennsylvania Rule of Criminal Procedure 1100.

On December 3, 1989, a criminal complaint was filed against defendant alleging the crimes of recklessly endangering another person and terroristic threats. The victim of these acts was his wife.

A preliminary hearing was scheduled for December 12, 1989, but was continued until December 15, 1989, because of the unavailability of Commonwealth witnesses. Upon hearing on December 15, the charges were held for court.

On January 12, 1990, defendant was released on a $5,000/10-percent bond. Two days later defendant was arrested in New York state for felony assault and two additional misdemeanors. Again, the victim was his wife. Because of these additional crimes, defendant's bond was revoked on January 29, 1990.

On April 4, 1990, the Commonwealth brought defendant from Chautauqua County, New York, where he was incarcerated, to Erie County, Pennsylvania, to enter a plea of guilty but mentally ill. However, defendant and the Commonwealth were ultimately unable to agree on a plea and on April 10, 1990, defendant was returned to New York. On April 12, 1990, defendant entered a plea of not responsible by reason of mental disease or defect to the charges in New York and was placed in a secure facility at Gowanda Psychiatric Center in Helmuth, New York, where he was treated until March 5, 1991.

While defendant was at Gowanda, his counsel in Pennsylvania twice moved for continuance and was granted continuances from May 4, 1990, to the July 1990 term of court and from August 20, 1990, to the November 1990 term of court.

On March 5, 1991, the date of defendant's release from Gowanda, he refused to waive extradition to the State of Pennsylvania. Later, on March 22, 1991, defendant did waive extradition and was returned to Pennsylvania. Because of the nature of the criminal trial terms in Erie County, Pennsylvania, the first available trial date upon the defendant's return was May 6, 1991. At that time the Commonwealth stood ready for trial.

Prior to entering a plea in New York defendant was examined on February 13, 1990, by Dr. Bruno G. Schutkeker, a psychiatrist, at the Chautauqua County Jail in New York. According to Dr. Schutkeker, defendant was at that time very depressed and "[h]e [had] been, for at least the past five months, and [was] still suffering from a major psychotic depression characterized by suicidal preoccupation, periods of amnesia ('blackouts'), feelings of unworthiness, hopelessness, helplessness, despair, restlessness, anxiety, anger, aggressivity, and loss of memory and control." Dr. Schutkeker concluded that defendant was severely ill and needed a long period of hospitalization and intensive care. He recommended that defendant be given an anti-psychotic drug and that he continue to use anti-depressant and anti-anxiety drugs. The district attorney, public defender and a county court judge in Chautauqua County all agreed that defendant was mentally ill and should be in a hospital.

On August 29, 1990, the Director of Clinical Service at Gowanda requested in a letter to the Erie County District Attorney's Office that the defendant be allowed to remain at Gowanda for at least six more months for further treatment. This letter was incorporated in a motion for continuance filed by defendant.

According to Pennsylvania Rule of Criminal Procedure 1100, a trial must commence no later than 365 days from the date on which the complaint is filed. Pa.R.C.P. 1100(a)(3), 42 Pa.C.S. However, "[i]n determining the period for commencement of trial, there shall be excluded therefrom . . . (3) such period of delay at any stage of the proceedings as results from: (1) the unavailability of the defendant or his attorney." Pa.R.C.P. 1100(c)(3)(i), 42 Pa.C.S. Unavailability is explained in the comment as follows: "In addition to any other circumstances precluding the availability of the defendant or his attorney, the defendant should be deemed unavailable for the period of time . . . during which the defendant was physically or mentally incompetent to proceed." Pa.R.C.P. 1100 comment.

Defendant argues that the only periods of time excludable from the period for commencement of trial are the two periods of continuance and the period during which defendant refused to sign a waiver of extradition. The Commonwealth, on the other hand, contends that the period during which defendant was involuntarily hospitalized for mental illness should also be excluded.

In *Commonwealth v. Wommer,* 395 Pa. Super. 407, 577 A.2d 607 (1990), the court found that a defendant is unavailable under Rule 1100 whenever he is involuntarily civilly committed. In *Wommer,* the court pointed out that, "[b]y definition, any period of involuntary civil commitment provides appropriate treatment at a critical time because involuntary civil commitment occurs only when a person is severely mentally disabled and in need of immediate treatment." *Id.*

The *Wommer* court also noted that its holding increased the consistency of the application of excludable time under Rule 1100:

"This court has recognized that a person who is hospitalized for a physical illness is unavailable for trial. Mental illnesses should be given equal treatment under Rule 1100. In addition, our holding recognized that delays from commitment are caused by the defendant and are beyond the Commonwealth's control. Furthermore, our holding recognizes the practical difficulties involved in trying a defendant while he is being treated in a state hospital." *Id.* (citations omitted)

*Wommer* states that a person who is hospitalized for mental illness should be considered unavailable for trial under Rule 1100. As such, *Wommer* is not distinguishable based on the fact that the defendant in *Wommer* was hospitalized pursuant to a petition for involuntary civil commitment and the defendant in the present case was hospitalized as a result of entering a plea of not responsible by reason of mental disease or defect. As long as the defendant was hospitalized because he was severely mentally disabled and in need of immediate treatment, the holding and policies of *Wommer* apply. The procedure, be it civil or criminal, by which the defendant is hospitalized for mental illness makes no difference. In the present case, the evidence clearly shows that defendant was severely mentally disabled and in need of immediate and lengthy treatment. Several months after being placed at Gowanda, the Director of Clinical Service recommended that he receive another six months of treatment. Moreover, defendant's placement at Gowanda was clearly beyond the Commonwealth's control. Thus, because of his hospitalization for mental illness, defendant was unavailable for trial under Rule 1100.

Admittedly, the court's order today reverses the court's previous order of May 7, 1991, dismissing

the charges against defendant. However, at the time the court dismissed the charges, the Commonwealth's position was that since defendant was being held for the purpose of testing for incompetency, the time spent by defendant at Gowanda was excludable. When it was factually determined that defendant was not being held for that reason, the Commonwealth so advised the court. In essence, at that time the Commonwealth implied by its statement to the court that the court had little choice but to include the time pursuant to Rule 1100. Based on the Commonwealth's statement, the court reluctantly dismissed the charges. Following the dismissal, the Commonwealth changed its position and moved for reconsideration, apparently based on its discovery of the recent case of *Commonwealth v. Wommer, supra.* In view of the above, it would be foolhardy for the court to allow the dismissal to stand.

Therefore, for the foregoing reasons, this court reverses the order dismissing the charges against defendant and orders that defendant stand trial.

## ORDER

And now, July 12, 1991, it is hereby ordered, adjudged and decreed that the court's May 7, 1991, order dismissing the charges of recklessly endangering another person and terroristic threats is reversed and that defendant shall stand trial on these charges.