J-A28030-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                     :         PENNSYLVANIA
                                       :
              v.                        :
                                       :
                                       :
ZACHARY ANDREW ROCK          :
                                       :
           Appellant       :     No. 203 WDA 2020

Appeal from the Judgment of Sentence Entered December 13, 2019
In the Court of Common Pleas of Butler County Criminal Division at
No(s):  CP-10-CR-0000861-2019

BEFORE:  OLSON, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY MURRAY, J.:           FILED FEBRUARY 05, 2021

Zachary Andrew Rock (Appellant) appeals from the judgment of sentence imposed after the trial court convicted him of two counts of driving under the influence of alcohol (DUI), and the summary offense of disregarding a traffic lane.[1]  Upon review, we are constrained to vacate Appellant's sentence and remand for further proceedings.

On January 6, 2019, at approximately 4:28 a.m., Pennsylvania State Trooper Shaun Milkovich was dispatched to a single vehicle crash at 777 East Butler Road in Butler County.  Affidavit of Probable Cause, 4/3/19. While en route, Trooper Milkovich was advised that Appellant, the operator of the vehicle, was at his grandfather's house where he had walked to report the

_____

[1] 75 Pa.C.S.A. §§ 3802(a)(1), 3802(b), and 3309(1).

crash, because he did not have a cell phone. Id. Trooper Milkovich responded to the residence and transported Appellant back to the crash scene. Id.

Trooper Milkovich noted that Appellant had an odor of alcohol on his breath, as well as bloodshot eyes and slurred speech. Id. Trooper Milkovich had Appellant undergo standard field sobriety tests, which indicated Appellant "was under the influence of alcohol to the extent that he was unable to safely operate a motor vehicle." Id. Appellant was transported to the State Police barracks, where a chemical breath test was administered at 5:43 a.m., and revealed a blood alcohol content of .142%. Id. On May 13, 2019, the Commonwealth filed a complaint charging Appellant with the above offenses.

Appellant appeared for a non-jury trial on November 12, 2019. At the outset, Appellant's counsel verbally requested a continuance because "a key defense witness is unavailable." N.T., 11/12/19, at 3. Counsel identified the witness as Appellant's grandfather, James Rock. Id. Counsel stated that Mr. Rock was "eighty years old and is very sick." Id. The Commonwealth objected, stating that they normally would not object, but had "brought the Trooper in today specifically." Id. The trial court, without pause or explanation, immediately and summarily denied the request and the case proceeded to trial. Id. at 3-4. Two witnesses, Trooper Milkovich and Appellant, testified. The trial court found Appellant guilty of all three charges.

On December 13, 2019, the trial court sentenced Appellant to 30 days to 6 months of incarceration. Appellant filed a timely post-sentence motion, which the trial court denied on January 7, 2020. This timely appeal followed.

Both the trial court and Appellant have complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant presents two issues for review:

I. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION AND PREJUDICED APPELLANT'S RIGHT TO A FAIR TRIAL BY DENYING DEFENSE COUNSEL'S MOTION FOR A CONTINUANCE WHICH WAS REQUESTED DUE TO THE UNAVAILABILITY OF APPELLANT'S GRANDFATHER, JAMES ROCK, A KEY DEFENSE WITNESS?

II. WHETHER THE COMMONWEALTH PRESENTED SUFFICIENT EVIDENCE TO PROVE BEYOND A REASONABLE DOUBT THAT THE APPELLANT WAS GUILTY OF DRIVING UNDER THE INFLUENCE OF ALCOHOL SINCE THE COMMONWEALTH FAILED TO PROVE THAT APPELLANT WAS IMPAIRED BY ALCOHOL AT THE TIME OF THE ACCIDENT AND FAILED TO REFUTE EVIDENCE THAT HE CONSUMED ALCOHOL BETWEEN THE TIME OF THE ACCIDENT AND THE TIME OF THE BREATH TEST?

Appellant's Brief at 9.

In his first issue, Appellant claims the trial court abused its discretion when it denied his request for a continuance. After careful consideration, we agree.

The Rules of Criminal Procedure provide a trial court "may, in the interests of justice, grant a continuance, on its own motion, or on the motion of either party." Pa.R.Crim.P. 106(A). Rule 106(D) states:

(D) A motion for continuance on behalf of the defendant shall be made not later than 48 hours before the time set for the proceeding. A later motion shall be entertained only when the opportunity therefor did not previously exist, or the defendant was not aware of the grounds for motion, or the interests of justice require it.

Pa.R.Crim.P. 106(D).

"Appellate review of a trial court's continuance decision is deferential." Commonwealth v. Norton, 144 A.3d 139, 143 (Pa. Super. 2016) (citation omitted). "The grant or denial of a motion for a continuance is within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of discretion." Id. "[W]e will not reverse a denial of a motion for a continuance in the absence of prejudice." Commonwealth v. Ross, 57 A.3d 85, 91 (Pa. Super. 2012) (citations omitted).

We have explained:

. . . trial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons. However, the trial court exceeds the bounds of its discretion when it denies a continuance on the basis of an unreasonable and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay. Accordingly, we must examine the reasons presented to the trial court for requesting the continuance, as well as the trial court's reasons for denying the request. . . .

When deciding a motion for a continuance to secure a material witness the trial court is guided by the following factors:

(1) the necessity of the witness to strengthen the party's case; (2) the essentiality of the witness to the party's case; (3) the diligence exercised to procure the witness' presence at trial; (4) the facts to which the witness could testify; and (5) the likelihood that the witness could be produced at the next term of court.

Norton, 144 A.3d at 143-44 (citation omitted).

It is not disputed that Appellant sought a continuance because his 80-year-old grandfather was "very sick" and unavailable to testify on the day of trial.[2]  Appellant argues:

> [T]he trial court abused its discretion when it denied [defense counsel's] request to continue the trial due to the fact that [Mr. Rock], a key defense witness, was medically unable to attend the hearing and testify on the day of trial.  Specifically, [defense counsel] was not aware of Mr. Rock's medical condition until the day before the trial so his request to continue the trial was still timely under Pa.R.Crim.P. Rule 106(D).

---

[2] We note that the issue of witness availability is not uncommon.  Most case law arises in the context of Rule 600 prompt trial claims; we cite the cases below simply to illustrate this Court's treatment of various instances that caused a trial to be continued:

"The Commonwealth cannot be held to be acting without due diligence when a witness becomes unavailable due to circumstances beyond its control." Commonwealth v. Hyland, 875 A.2d 1175, 1191 (Pa. Super. 2005).  See also Commonwealth v. Kostra, 502 A.2d 1287, 1291 (Pa. Super. 1985) ("So long as [a] witness['s] unavailability is through no fault of the Commonwealth, … an extension is proper.").  The Superior Court has explained that, "[i]t is well settled that when a witness becomes unavailable … due to illness, vacation or other reason not within the Commonwealth's control … an extension of time is warranted." Commonwealth v. Corbin, 568 A.2d 635, 638 (Pa. Super. 1990).  Specifically, the Superior Court has determined that a witness' unavailability to testify was beyond the control of the Commonwealth in a variety of circumstances. See Commonwealth v. Staten, 950 A.2d 1006, 1010 (Pa. Super. 2008) (unavailability of the arresting police officer who had been placed on a separate, specific work assignment for date of trial was beyond control of the Commonwealth and did not defeat a record of due diligence for speedy trial purposes); Kostra, 502 A.2d at 1291 (illness of Commonwealth witness); Commonwealth v. Reihart, 449 A.2d 35 (Pa. Super. 1982) (Commonwealth witness seriously ill); Commonwealth v. Caden, 473 A.2d 1047, 1052 (Pa. Super. 1984) (Commonwealth's essential eyewitness ill and hospitalized); Hyland, supra (military deployment of police officer).

In addition, the factors that the trial court must consider in granting or denying a continuance request favor a continuance. For instance, Mr. Rock was necessary and essential to strengthen [] Appellant's defense because Mr. Rock would have provided exculpatory facts that corroborated Appellant's version of events. Moreover, [defense counsel] was diligent in procuring Mr. Rock's presence for trial because he had an investigator interview Mr. Rock prior to trial and he anticipated that he would appear at trial and testify. It was also the first time the defense had requested a continuance for a new trial date. It's also important to note that the trial court never made any inquiries about Mr. Rock's medical condition or his anticipated testimony and the trial court never stated on the record its reasons for denying the continuance in contravention to Pa.R.Crim.P. Rule 106(C). . . .

[Defense counsel] was not aware of [Mr. Rock's] medical condition until the day before the non-jury trial date[.] Consequently, it was impossible for [defense counsel] to have requested a continuance at least 48 hours before the trial date because that information was not available to him in that timeframe.

Appellant's Brief at 17, 20.

Appellant is correct that the trial court, in contravention of Rule 106 (C), failed to state on the record its reasons for denying Appellant's request for continuance. The Rule states:

(C) When the matter is in the court of common pleas, the judge shall on the record identify the moving party and state of record the reasons for granting or denying the continuance.

Pa. R. Crim. P. 106 (emphasis added).

The trial court offered no explanation when it denied Appellant's request for a continuance. See N.T., 11/12/19, at 4 (trial court stating, "Okay. I'll deny the request for continuance. Commonwealth, do you want to call your

witness[?]"). The following exchange reflects the entirety of the record on this issue:

> [DEFENSE COUNSEL]: Your Honor, this is the time set for a non-jury trial in the case of Commonwealth of Pennsylvania versus [Appellant], at 861 of 2019. At this time, the defense is requesting a continuance for this reason. There's a key witness that is unavailable. I just received the statement from my investigator yesterday actually, Mr. Melder, concerning a witness who is [Appellant's] grandfather who would be providing exculpatory testimony in this case. His name is James Rock. He is 80 years old and is very sick. That's why he's unavailable. I'm moving to continue this matter to allow the defense an opportunity to bring Mr. Rock in to provide testimony on behalf of his grandson.
>
> [TRIAL COURT]: Commonwealth[?]
>
> [COMMONWEALTH]: Obviously, Your Honor, most of the time I would not object. But we brought the trooper in today specifically. I believe [defense counsel] knew about this witness. This witness has always been -- this is where [Appellant] went to after this happened -- this alleged accident happened. And so, he's always been available to the defense. That's one of our reasons for not consenting to the continuance.
>
> [DEFENSE COUNSEL]: Well, Your Honor, I knew of the name of Mr. Rock and I asked my investigator to interview this gentleman. And I just received the witness statement yesterday.
>
> [TRIAL COURT]: Okay. I'll deny the request for continuance. Commonwealth, do you want to call your witness[?] . . .

N.T., 11/12/19, at 3-4.

The above excerpt, in addition to confirming that the trial court did not state on the record its reasons for denying the continuance in contravention of Rule 106(C), supports Appellant's contention that defense counsel learned that Mr. Rock was sick less than 48 hours before trial, thus obviating the 48

hour requirement in Rule 106(D) ("A later motion shall be entertained only when the opportunity therefor did not previously exist, or the defendant was not aware of the grounds for motion, or the interests of justice require it.").

After Appellant appealed, the court stated it denied the continuance because "it was untimely and violated R. 106(D)." Trial Court Opinion, 4/27/20, at 3. The court continued:

> [Appellant] knew of the identity of his key witness, his grandfather, from the day when this alleged incident occurred on January 6, 2019. Furthermore, he failed to explain why he waited until the day of trial to request a continuance. Specifically, the Commonwealth stated that its witness was present and that defense counsel knew of [Appellant's] grandfather's role early in the case.

Id.

The trial court's explanation is not persuasive given that counsel learned of Mr. Rock being sick less than 48 hours before trial, and the court failed to state any reasons on the record when it denied the request.

Furthermore, Appellant's defense was that he did not drink prior to the crash. Rather, he claimed he swerved to miss a deer, crashed his car, walked to his grandfather's house, and because his head was hurting and "just the reality of my car probably being totaled and everything else," he quickly drank his grandfather's whiskey and became intoxicated. See N.T., 11/12/19, at 21-22.

Appellant maintained that Mr. Rock was home at the time, and asserts that Mr. Rock's "testimony was both necessary and essential to strengthen

[his] defense that he consumed alcohol after the accident and not beforehand." Appellant's Brief at 21. Appellant states:

> [Mr. Rock] would have been able to corroborate Appellant's version of events by providing important, exculpatory facts with respect to approximately what time the accident occurred, what time Appellant had arrived at his residence, Appellant's sobriety at the time of his arrival, Appellant's appearance and extent of his head injury, the timeframe in which Appellant telephoned his insurance company and the police, as well as when Appellant drank the whiskey located in his grandfather's freezer.

Id.

Although we are mindful of the trial court's "burden in scheduling trials . . . which counsels against continuances except for compelling reasons," this case is one in which Appellant expressed a "justifiable request for delay," while the trial court's terse denial gave the appearance of being arbitrary. Norton, supra. To reiterate, we must examine the reasons presented to the trial court for requesting the continuance, as well as the trial court's reasons for denying the request. Factors to be considered include:

> (1) the necessity of the witness to strengthen the party's case; (2) the essentiality of the witness to the party's case; (3) the diligence exercised to procure the witness' presence at trial; (4) the facts to which the witness could testify; and (5) the likelihood that the witness could be produced at the next term of court.

Norton, 144 A.3d at 143-44.

As Appellant observes, "at the time of the continuance request, the trial court made no inquiries regarding Mr. Rock's medical condition or whether any prior defense continuances for a new trial date had been granted."

Appellant's Brief at 21. Nor did the trial court "request a proffer of evidence with respect to Mr. Rock's testimony before denying the request." Id.

We agree that record is devoid of any reasons for the trial court's denial of a continuance, and conclude that the denial was contrary to "the interests of justice" referenced in Pa.R.C.P. 106(D), and prejudicial. Ross, 57 A.3d at 91.

Finally, we note both the trial court and the Commonwealth cited Trooper Milkovich's presence the day of trial as a basis for opposing a continuance. N.T., 11/12/19, at 3 (Commonwealth opposing continuance because "we brought the Trooper in today specifically."); Trial Court Opinion, 4/27/20, at 3 ("Specifically, the Commonwealth stated that its witness was present"). We are cognizant that "trial courts require a great deal of latitude in scheduling trials," and their "burden" of "assembling the witnesses, lawyers, and jurors at the same place at the same time[.]" Norton, 144 A.3d at 143. However, in this case, the court could have proceeded with trial, allowed the Trooper, and possibly Appellant, to testify, and continued the trial for a second day for Appellant to present the testimony of Mr. Rock. See Pa.R.Crim.P. 106(A). If necessary, the Trooper could be recalled for rebuttal.

For the above reasons, we are constrained to find that the trial court abused its discretion in denying Appellant's request for a continuance. We

therefore vacate the judgment of sentence and remand for further proceedings.[3]

Judgment of sentence vacated. Case remanded for further proceedings consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

*Joseph D. Seletyn* (signature)

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/5/2021

---

[3] Our disposition renders Appellant's second issue moot.