**COMMONWEALTH of Pennsylvania,**
**Appellant**

v.

**Thaddeus David WILLIAMS, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 27, 2004.

Filed June 1, 2005.

Gary E. Norton, Asst. Dist. Atty., Bloomsburg, for Com., appellant.

Leslie W. Bryden, Bloomsburg, for appellee.

Before: STEVENS, McCAFFERY, and TAMILIA, JJ.

McCAFFERY, J.:

¶ 1 Appellant, the Commonwealth of Pennsylvania, appeals from an order entered by the Honorable Scott W. Naus, which dismissed charges against Appellee, Thaddeus David Williams, pursuant to Pennsylvania Rule of Criminal Procedure 600. The Commonwealth asks us to determine whether it is required to show that it exercised due diligence in bringing a defendant to trial where the defendant is free on bail although confined in a state hospital for psychiatric treatment in accordance with an involuntary commitment order. We hold that upon the instant record, a showing of due diligence was not required. Therefore, we reverse and remand.

¶ 2 The facts and procedural history, as summarized from the trial court opinion and the certified record on appeal, are that Appellee was charged by written complaint with four counts of harassment,[1] two counts of stalking,[2] four counts of harassment/stalking by communication,[3] and one count each of criminal conspiracy,[4] and disorderly conduct[5] on August 9, 2001, and with one count of disorderly conduct on August 21, 2001. On September 12, 2001, Appellee filed an application to the court for an order directing an "incompetency examination"; it was granted on October 1, 2001; a preliminary hearing was held, and Appellee posted bail on November 7, 2001. On December 18, 2001, Appellee filed a petition for a writ of habeas corpus, which was scheduled for hearing on January 31, 2002. When Appellee did not appear at the hearing on January 31st, the case was set for trial on the next trial list. When the prosecution was not prepared to go forward on the next trial date, May 14, 2002, the case was continued until the July term of court. On June 4, 2002, defense counsel moved for a continuance based upon previously-scheduled matters and obligations which created scheduling conflicts. The court granted the defense request for a continuance, and jury selection was next scheduled to commence on September 10, 2002, the first available date. Appellee failed to appear on September 10th, and the court issued a bench warrant for his arrest on that date. In January 2003, Appellee was brought before a judge as a result of a petition for involuntary commitment having been filed, and Appellee was ordered to be involuntarily committed to receive mental health treatment. He remained hospitalized until February 10, 2004.

¶ 3 Defense counsel filed a motion to dismiss pursuant to Rule 600 on February 4, 2004, which the trial court granted on April 20, 2004. The Commonwealth timely appealed and presents one issue for our review:

WHETHER THE COMMONWEALTH'S EXERCISE OF DUE DILIGENCE IS AN ISSUE IF THE DEFENDANT IS OUT ON BAIL AND THE DEFENDANT FAILS TO REPORT FOR COURT PROCEEDINGS WHILE A BENCH WARRANT IS IS-

---

1. 18 Pa.C.S.A. § 2709(a)(3).

2. 18 Pa.C.S.A. § 2709(b)(2).

3. 18 Pa.C.S.A. § 5504(a)(1), (2).

4. 18 Pa.C.S.A. § 903(a).

5. 18 Pa.C.S.A. § 5503(a)(2).

SUED, EVEN IF THE ARRESTING OFFICER IS AWARE THAT THE DEFENDANT IS INVOLUNTARILY COMMITTED TO A STATE HOSPITAL?

(Commonwealth's Brief at 3).

██ ¶ 4 Our standard of review relating to the application of Rule 600 is whether the trial court abused its discretion. *Commonwealth v. Hunt,* 858 A.2d 1234, 1238 (Pa.Super.2004) *(en banc).* Our scope of review is limited to the evidence on the record of the Rule 600 evidentiary hearing and the findings of the trial court. *Id.* We must view the facts in the light most favorable to the prevailing party. *Id.* at 1239.

¶ 5 Rule 600 provides in relevant part:

**Rule 600.   Prompt Trial**

\* \* \* \*

(A)(3) Trial in a court case in which a written complaint is filed against the defendant, when the defendant is at liberty on bail, shall commence no later than 365 days from the date on which the complaint is filed.

\* \* \* \*

(C) In determining the period for commencement of trial, there shall be excluded therefrom:

\* \* \* \*

██ (3) such period of delay at any stage of the proceedings as results from:

(a) the unavailability of the defendant or the defendant's attorney;

(b) any continuance granted at the request of the defendant or the defendant's attorney.

Pa.R.Crim.P. 600. The rule further provides that a defendant on bail may seek dismissal of the charges after the expiration of 365 days. Pa.R.Crim.P. 600(G). If the trial court determines that the Commonwealth exercised due diligence and that the circumstances which occasioned the postponement(s) were beyond the control of the Commonwealth, it shall deny the motion. *Id.* If the Commonwealth attempts to bring a defendant to trial beyond the 365 day-period prescribed by Rule 600, and the defendant files a Rule 600 motion to dismiss, the trial court must assess whether there is excludable time and/or excusable delay. *Commonwealth v. Hunt supra,* at 1241.

¶ 6 Applying Rule 600(A)(3) to the case *sub judice,* the mechanical run dates on the charges filed were August 9, 2002, and August 21, 2002. Since Appellee had not been brought to trial by the time the motion to dismiss was filed on February 4, 2004, it is clear that the mechanical run dates had expired.[6] The Commonwealth argues that the trial court erred in its calculation of the total excludable time attributable to the defense, and that when all excludable time is considered, 365 days chargeable to the Commonwealth had *not* elapsed at the time the defense filed its motion to dismiss. (Commonwealth's Brief, at 8).

¶ 7 The trial court excluded the following periods as attributable to the defense:

- September 12, 2001, through October 1, 2001—Pendency of Appellee's motion for "incompetency" hearing.

- June 4, 2002, through September 10, 2002—Defense request for continuance.

- September 10, 2002, through January 15, 2003—Issuance of bench warrant

---

**6.** The period of time between the filing of a defendant's motion to dismiss pursuant to Rule 600 and the trial court's rendering a decision is excludable. *See Commonwealth v. Williams,* 726 A.2d 389, 392 (Pa.Super.1999) (applying Rule 1100, the predecessor to Rule 600).

until Appellee's involuntary commitment.

(Trial Court Opinion, dated April 20, 2004, at 5).

 ¶ 8 The trial court did not exclude the period of time that Appellee was subject to involuntary civil commitment for treatment of mental illness. The court reasoned that it was incumbent upon the Commonwealth to exercise due diligence to bring Appellee to trial even during the period of his involuntary commitment because the Commonwealth knew Appellee's whereabouts and since the Commonwealth was involved in Appellee's commitment in the first instance. (*Id.*, at 4–5).

¶ 9 We are in agreement with the Commonwealth that on the basis of *Commonwealth v. Wommer*, 395 Pa.Super. 407, 577 A.2d 607 (1990) (*en banc*), the trial court erred in its failure to consider as excludable the time Appellee was involuntarily committed. In *Wommer*, we held that time spent in a state mental hospital during an involuntary commitment is excludable time under Rule 1100, the predecessor of Rule 600. The unanimous *en banc* panel recognized that delays due to such commitments are caused by the defendant and are quite beyond the Commonwealth's control. *Id.* at 609. A defendant is rendered literally "unavailable" for trial whenever he or she is involuntarily civilly committed. *Id.*

¶ 10 Further, we conclude that our analysis does not change where or because the Commonwealth knew of Appellee's whereabouts during his period of unavailability. It would be an illogical and anomalous result to make this knowledge result in an additional burden being placed upon the Commonwealth to somehow exercise or demonstrate further due diligence in the context of excludability of time for involuntary commitments. Rather, under *Wommer*, the fact of Appellee's involuntary civil commitment requires that the time be deemed excludable.

 ¶ 11 When the period of Appellee's involuntary commitment is calculated (371 days) and properly added to the mechanical run date, along with the other defense-attributable delay (no more than 236 days), the correct number of excludable days is 607 days. Given the 909 days between August 9, 2001, and February 4, 2004, less 607 excludable days, the Rule 600 run time is 302 days. The Rule 600 run time for the 897 days between August 21, 2001 and February 4, 2004, less 607 excludable days, is 290 days. Therefore, we conclude that the trial court erred in dismissing the charges against Appellee on the basis of Rule 600. As a result, we are constrained to reverse the trial court's order and remand for further proceedings.

¶ 12 Order reversed. Case remanded. Jurisdiction is relinquished.