J. S41021/16

2016 PA SUPER 175

COMMONWEALTH OF PENNSYLVANIA :  IN THE SUPERIOR COURT OF
    Appellant      :     PENNSYLVANIA
            :
      v.       :
            :
BRAHYM T. WILSON      :
            :
            :    No. 515 EDA 2014

Appeal from the Order January 29, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division No(s): CP-51-CR-0011875-2009

BEFORE: BENDER, P.J.E., DUBOW, J., and STEVENS, P.J.E. [*]

OPINION BY DUBOW, J.:         **FILED AUGUST 11, 2016**

The Commonwealth appeals from the January 29, 2014 Order granting Appellee's Rule 600[1] motion. After careful review, we reverse the Order and remand for further proceedings.

The relevant facts and procedural history, as summarized by the trial court, are as follows.

> On May 17, 2008, the Commonwealth filed a criminal complaint against [Appellant] and two co-defendants. Three-and-a-half years later, on October 31, 2011, the Honorable John O'Grady granted [Appellant's] motion to dismiss pursuant to Rule 600. On January 11, 2013, the Superior Court of Pennsylvania reversed Judge O'Grady's order of dismissal. The Superior Court determined that, *inter alia*: (1) the Commonwealth exercised due diligence in the prosecution of its complaint against [Appellant]; and (2) the adjusted run date was November 21,

---

[*] Former Justice specially assigned to the Superior Court.

[1] Pa.R.Crim.P. 600.

2011, which left the Commonwealth with twenty-one days to bring [Appellant] to trial. N.T. 01/13/2014 at 4; ***Commonwealth v. Brahym T. Wilson***, No. 3196 EDA 2011 (unpublished memorandum filed January 11, 2013).

On February 28, 2013, the record was returned from the appellate court to the trial court. On April 1, 2013, the trial court held a scheduling conference during which it set the earliest possible jury trial date of October 15, 2013. The trial court ordered the Commonwealth to serve notice of the trial date on [Appellant] and the two co-defendants. Trial did not commence on October 15, 2013, because none of the three defendants were present for trial. [Appellant] was incarcerated in Connecticut, and the location of his two co-defendants could not be determined. N.T. 01/13/2014 at 4-5.

All three defense counsel renewed their motions to dismiss pursuant to Rule 600. Following an evidentiary hearing, the trial court (1) dismissed the complaint against [Appellant] as violating Rule 600 because the Commonwealth failed to exercise due diligence in locating [Appellant], but (2) denied the co-defendants' motions to dismiss under Rule 600 because their locations could not be determined through due diligence. N.T. 01/13/2014 at 10.

Trial Court Opinion, filed 8/18/14, at 1-2.

On appeal, the Commonwealth presents a single issue for our review, namely whether the trial court erred in finding that Appellant's speedy-trial rights were violated pursuant to Rule 600. After careful review, we conclude that the trial court erred as a matter of law because the trial court dismissed the case before the expiration of the mechanical run date.

When this Court reviews a trial court's ruling under Rule 600, we are required to view the facts in the light most favorable to the party that prevailed on the Rule 600 motion. ***Commonwealth v. Williams***, 876 A.2d 1018, 1020 (Pa. Super. 2005). Moreover, we must review the trial court's

order under an abuse-of-discretion standard. *Id.* An abuse of discretion is not a mere error in judgment but, rather, involves bias, ill will, partiality, prejudice, manifest unreasonableness, or misapplication of law. *Commonwealth v. Riley*, 19 A.3d 1146, 1149 (Pa. Super. 2011).

At the time this Court remanded Appellant's case in February 2013, Rule 600 provided,[2] in relevant part, as follows:

> When an appellate court has remanded a case to the trial court, if the defendant is incarcerated **on that case**, trial shall commence within 120 days after the date of remand as it appears in the appellate court docket. If the defendant has been released on bail, trial shall commence within 365 days after the date of remand.

Pa.R.Crim.P. 600(D)(2) (revised effective July 1, 2013) (emphasis added).

Our analysis of this provision begins with whether the Commonwealth, as an initial matter, had 120 or 365 days after the Superior Court remanded the earlier appeal to try the case. Rule 600 analyzes this according to whether the Appellant is released on bail on the case that is on appeal. The Rule does not take into account the fact that the Appellant may be released on bail in the case on appeal, but incarcerated as a result of other charges.

---

[2] Rule 600 was revised, with the current version effective July 1, 2013. The current portion of Rule 600 governing cases on remand has been reorganized, but remains unchanged in its substance. *Compare* Pa.R.Crim.P. 600(D)(2) (revised effective July 1, 2013) *with* Pa.R.Crim.P. 600(A)(2)(e). Because this Court remanded the case in February of 2013, we apply the prior version of Rule 600 to the facts of this case.

In this case, the Appellant was released on bail at the time of remand, so the Commonwealth was not required to try to the Appellant within 120 days after the remand. Rather, Rule 600 provides the Commonwealth with 365 days from the date of remand to try the case. The fact that Appellant was incarcerated in Connecticut on unrelated charges at the time of remand does not enter our analysis.

We must next determine the mechanical run date by adding 365 days to the date on which the Prothonotary of the Superior Court gave notice to the parties that the record was remanded. *See* Pa.R.Crim.P. 600 cmt. Since the Prothonotary gave notice and remanded the record back to the trial court on February 28, 2013, the mechanical run date was, therefore, February 28, 2014.

Appellant filed the Motion to Dismiss Pursuant to Rule 600 on January 8, 2014, which the trial court granted on January 13, 2014. Since the trial court granted the Motion to Dismiss more than a month prior to the expiration of the mechanical run date, the trial court erred by dismissing the case before the mechanical run date expired.[3]

Based on the foregoing, we vacate the Order granting Appellee's Rule 600 motion and we remand for further proceedings.

Order reversed. Case remanded. Jurisdiction relinquished.

---

[3] Because we conclude that the trial court dismissed the case before the expiration of the mechanical run date, we do not need to address the adjusted run date or what time, if any, may be properly excluded.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/11/2016</u>