**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JONATHAN GRANT JACKSON | : | |
| | : | |
| Petitioner | : | No. 9 MDM 2025 |

Petition for Specialized Review of the Order entered February 7, 2025,
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0002823-2024

BEFORE:  BOWES, KUNSELMAN, and LANE, JJ.:

MEMORANDUM BY BOWES, J.:                    **FILED: APRIL 17, 2025**

Petitioner, Jonathan Grant Jackson, filed a "Motion for Nominal Bail Pursuant to Rule 600," which this Court addresses as a petition for specialized review ("Petition").  Particularly, Petitioner seeks review of the February 7, 2025 order denying his two motions for nominal bail.  We affirm.

Unless otherwise specified, the facts of this case are derived from the trial court's March 17, 2025 "Statement Regarding the Denial of Nominal Bail," which it entered pursuant to Pa.R.A.P. 1762(e) ("Trial Court Statement").[1]  As a result of shooting an individual named John Firm, Petitioner was charged on June 25, 2024 with one count each of attempted murder, aggravated assault, carrying a firearm without a license, possession of firearm prohibited,

---

[1] This Court directed the trial court to file its Rule 1762(e) statement by March 12, 2025, and for the Commonwealth to file a response within fourteen days of the trial court's statement.  We received the court's statement on March 17, 2025, and the Commonwealth's response on March 31, 2025.

recklessly endangering another person, and criminal mischief. Following arraignment, Petitioner's bail was set at $350,000. Pertinent to this Petition, he filed separate motions for nominal bail on December 26, 2024 and January 2, 2025, both citing Pa.R.Crim.P. 600. He asserted that he was being improperly incarcerated more than 180 days from the date the complaint was filed.

The trial court conducted a hearing as to the motions on February 7, 2025. The testimony therein established that Petitioner, who was initially represented by counsel, filed in October 2024 what he styled as a motion for a **Grazier** hearing.[2] The trial court heard and granted the request six days later, allowing Petitioner to proceed *pro se*. Due to this change in representation status, the district attorney's office was now required to provide physical discovery materials directly to Petitioner. Moreover, it was incapable of sending those items, which included recordings of 911 calls and video, to the jail. The district attorney's office instead arranged for Petitioner to be transported to its location in person, which could not occur until January 3, 2025, thereby prohibiting trial from occurring in 2024.

The record developed at the hearing also bore out that on October 21, 2024, Petitioner filed a *pro se* petition requesting *habeas corpus* relief and later a motion to quash the charges. The *habeas* petition was still outstanding

---

[2] **Commonwealth v. Grazier**, 713 A.2d 81, 82 (Pa. 1998) (holding that "[w]hen a waiver of the right to counsel is sought at the post-conviction and appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one").

as of the February 7, 2025 hearing for Petitioner's request for nominal bail. The Commonwealth contended that these collective circumstances, all of which were caused by Petitioner's filings, made it impossible to bring him to trial within 180 days. At the conclusion of the hearing, the trial court denied Petitioner's nominal bail requests.

Petitioner timely filed the instant Petition pursuant to Pa.R.A.P. 1610.[3] As will be discussed in more detail below, Petitioner generally avers that the Commonwealth failed to meet its burden of showing that any delay in this matter was attributable to him, and that accordingly he was entitled to nominal bail on the 180th day of his incarceration.

At the outset, we observe that, in light of our Supreme Court's decision in ***In the Interest of N.E.M.***, 311 A.3d 1088 (Pa. 2024), wherein the Court held that this Court "lacks discretion to decide whether to grant or deny these petitions for specialized review," review of the merits of the instant Petition is now mandatory. ***Id***. at 1101. Although ***N.E.M.*** addressed Rule 1612 petitions for specialized review relating to juvenile out-of-home placement, its rationale is equally applicable to Rule 1610 petitions for specialized review of bail. Our High Court explained that, unlike Chapter 13 of our Rules of Appellate Procedure, which governs interlocutory appeals by permission, Chapter 16 evidences a "mandatory nature" for petitions for specialized review and

---

[3] Rule 1610 provides in relevant part: "Where the trial court enters an order under Pa.R.A.P. 1762(b) granting or denying release or modifying the conditions of release before sentence, a party may seek review of that order by filing a petition for specialized review in the appellate court that would have jurisdiction over the appeal from the judgment of sentence." Pa.R.A.P. 1610.

- 3 -

provides a "procedure for appellate review of certain discrete issues." *Id*. at 1099 (citation omitted). The Court further explained that Rule 1601 "controls how appellate review will be afforded, not how a party can seek permission to appeal." *Id*.

Thus, we turn to the legal principles pertinent to Petitioner's claims. This Court has stated that "[i]n evaluating Rule 600 issues, our standard of review of a trial court's decision is whether the trial court abused its discretion." *Commonwealth v. Carl*, 276 A.3d 743, 748 (Pa.Super. 2022) (citation omitted). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, . . . discretion is abused." *Id*. (citation omitted). Moreover, our scope of review from the denial of bail is limited to the record evidence adduced at the bail hearing and the findings of the lower court, reviewed in the light most favorable to the prevailing party. *See Commonwealth v. Talley*, 265 A.3d 485, 527 (Pa. 2021). This Court will affirm the trial court's denial of bail "if [the court's] factual findings are supported by competent evidence of record, and [its] legal conclusions drawn therefrom are correct[.]" *Id*.

As previously stated, Petitioner sought release on nominal bail pursuant to Pa.R.Crim.P. 600. Subsection (B)(1) of that rule provides that a defendant shall not be held in pretrial incarceration in excess of 180 days from the date on which the complaint is filed. Subsection (D)(2) states, in pertinent part:

> when a defendant is held in pretrial incarceration beyond the time set forth in paragraph (B), at any time before trial, . . . the defendant if unrepresented, may file a written motion requesting that the defendant be released immediately on nominal bail subject to any nonmonetary conditions of bail imposed by the court as permitted by law.

Pa.R.Crim.P. 600(D)(2). For purposes of computing time under Subsection (B), "only periods of delay caused by the defendant shall be excluded from the computation. Any other periods of delay shall be included in time computation." Pa.R.Crim.P. 600(C)(2).

With the foregoing standard in mind, we address the substance of the Petition. Petitioner claims that the Commonwealth failed to produce any evidence of excludable time and that the trial court erred in excluding the time during which Petitioner sought pretrial *habeas corpus* relief. *See* Petition at ¶¶ 4-5. He contends that his initial *habeas* petition was not promptly decided because, even though it was properly filed *pro se*, the clerk of courts was under the impression that he was represented by a public defender.[4] *Id*. at ¶ 5; N.T. Hearing, 2/7/25, at 20-21. Petitioner also asserts that he was not the cause of any delays in this matter and was never unavailable for trial, but rather the Commonwealth requested a continuance to provide him with discovery that he already had. *See* Petition at ¶ 17.

---

[4] *See* Pa.R.Crim.P. 576(a)(4) (providing that in any case in which a defendant submits for filing a written motion that has not been signed by the defendant's attorney, the clerk of courts shall, among other things, accept it for filing, make a docket entry reflecting the date of receipt, and forward the time stamped document to the defendant's attorney and the Commonwealth within ten days of receipt).

To the contrary, the Commonwealth expresses that it never requested a continuance and that the case could not be tried until after Petitioner's requested waiver of counsel hearing was completed and discovery was provided to Petitioner. **See** Commonwealth's answer at 3-4, 13; **see also** N.T. Hearing, 2/7/25, at 19. The Commonwealth explains that discovery had previously been provided to the public defender's office. However, once Petitioner began representing himself, the Commonwealth was required to bring him to its office on January 3, 2025 to view the discovery because it could not send physical copies of videos and 911 calls to the jail. **See** Commonwealth's answer at 3-4, 13; N.T. Hearing, 2/7/25, at 18-19. The Commonwealth claims that every delay of the case was caused by Petitioner due to his filing of pretrial motions for self-representation and for *habeas corpus*, which "stops the clock" until the petitions are litigated. **See** Commonwealth's answer at 9, 13; N.T. Hearing, 2/7/25, at 19. **See also Commonwealth v. Barbour**, 189 A.3d 944, 958 (Pa. 2018) (noting that, for purposes of assessing a period of delay under Rule 600(A)(2)(a) right to a speedy trial, it is critical to ascertain the cause of the delay; when the Commonwealth causes it, the Rule 600 clock continues to tick, but when the defendant causes the delay, the clock stops).

In its statement to this Court, the trial court noted that, following arraignment, plea court was scheduled for October 7, 2024 and that Petitioner requested a continuance. **See** Trial Court Statement, at unnumbered 1. **See also** Pa.R.Crim.P. 600(C)(2) (periods of delay caused by the defendant shall

be excluded); **Barbour**, 189 A.3d at 958. Subsequently, on October 10, 2024, Petitioner asked for a waiver of counsel hearing, which was decided on October 16, 2024. **See** Trial Court Statement at unnumbered 1. Although the next available trial date was listed for two months later, on December 16, the court explained that, because Petitioner was proceeding *pro se* at that point, there was "difficulty in providing [him] discovery, due to his incarceration," since he needed to be brought in person from prison. **Id**. at unnumbered 2. The court recounted that this event did not occur until January 3, 2025, and that the case was thereafter listed for the March 3, 2025 trial term. **Id**. at unnumbered 1. In addition, the trial court noted that Petitioner filed a petition for writ of *habeas corpus* on October 21, 2024, challenging whether a prima facie case had been established. This necessitated a filed response from the Commonwealth. **Id**. at unnumbered 2. The trial court specifically determined that any delay in scheduling and ruling on the *habeas* issue was not attributable to the Commonwealth. **Id**.

Based upon our review of the record, we conclude that the trial court did not abuse its discretion in denying Petitioner's request for nominal bail pursuant to Rule 600. Initially, we note that the complaint in this case was filed on June 25, 2024. As such, 180 days therefrom was December 22, 2024, only four days before Appellant filed the first of his two motions for nominal bail. All time after the date he submitted his first motion is excludable. **See**, **e.g.**, **Commonwealth v. Williams**, 876 A.2d 1018, 1020 n.6 (Pa.Super. 2005) ("The period of time between the filing of a defendant's motion to

dismiss pursuant to Rule 600 and the trial court's rendering a decision is excludable." (citation omitted)).

The certified record confirms that Petitioner filed a *habeas* petition in October 2024, which was undecided as of the February 7, 2025 hearing. Further, the Commonwealth argued that this pending filing prevented it from bringing Petitioner to trial in December 2024, despite there being an available trial date, and thus this delay was attributable to Petitioner pursuant to Rule 600. **See**, **e.g.**, **Commonwealth v. Hyland**, 875 A.2d 1175, 1190 (Pa.Super. 2005) (indicating that while the "mere filing of a pre-trial motion by a defendant does not automatically render him unavailable" so as to make that time excludable, a defendant is nonetheless unavailable "if a delay in the commencement of trial is caused by the filing of the pretrial motion").

Moreover, the evidence at the hearing, viewed in a light most favorable to the Commonwealth, established that the prosecution was under the obligation to provide physical discovery materials directly to Appellant as a direct consequence of his request to proceed *pro se*. This likewise necessitated a continuance of trial for several months because it required Petitioner's transportation from the jail to the district attorney's office for him to review evidence in person. We conclude that this filing by Petitioner, like the *habeas* petition, rendered him "unavailable" for trial. **See id**.

In light of the foregoing, we find no abuse of discretion by the trial court. Hence, in compliance with **N.E.M.**'s mandate to consider petitions for

specialized review on their merits, we affirm the trial court's February 7, 2025 order.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/17/2025