J-M03003-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| MASON TIMOTHY FRONIUS | |
| Petitioner | No. 16 WDM 2026 |

Appeal from the Order Entered January 21, 2026
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0001711-2025

BEFORE: PANELLA, P.J.E., KING, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.:         **FILED: June 22, 2026**

Petitioner, Mason Timothy Fronius, files a Petition for Specialized Review ("Petition") of the January 21, 2026 order of the Fayette County Court of Common Pleas, which denied his motion for nominal bail pursuant to Pa.R.Crim.P. 600(b). The trial court has filed an opinion stating its reasons for denying nominal bail.[1] Upon review, we affirm.[2]

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] This Court directed the Commonwealth to file a response by February 27, 2026. In a letter dated March 13, 2026, the Commonwealth averred that it did not receive this Court's Order until after February 27th. The Commonwealth's letter states that it relies on the trial court's opinion and adds no further response to the Petition.

[2] We treat the Petition as a specialized appeal over which this Court has immediate jurisdiction. **See Commonwealth v. Miller**, 319 A.3d 575 (Pa.
*(Footnote Continued Next Page)*

The facts of this case appear to be largely undisputed and are based on the Petition and the limited record before this Court. The Commonwealth charged Petitioner with possession of child pornography and related offenses on June 25, 2025. Bond was set at $100,000; Petitioner was unable to post bond. Based on the charging date, there appears to be no dispute that the 180-day run date for purposes of Rule 600(B)(1) was December 22, 2025. The preliminary hearing was initially scheduled for July 9, 2025, but was continued. According to the trial court, it is unaware of the reason for the continuance other than to surmise that Assistant District Attorneys or Public Defenders may not have been available. The preliminary hearing was thereafter held on September 29, 2025, and after the court bound over all charges, the court scheduled formal arraignment for November 20, 2025. The court modified Petitioner's bond to $50,000, which he was unable to post. On October 6, 2025, however, Petitioner waived formal arraignment and instead filed a request for discovery and bill of particulars. On November 18, 2025, Petitioner filed another motion for discovery, as well as a request for an extension of time to file omnibus pre-trial motions. The trial court, that same date, directed the Commonwealth to supply all discovery materials by December 18, 2025, and gave Petitioner until January 2, 2026, to file omnibus

_____

Super. 2024) (applying, to petitions for specialized review of bail filed under Pa.R.A.P. 1610, the rationale in *Interest of N.E.M.*, 311 A.3d 1088 (Pa. 2024) (holding that review of the merits of a petition for specialized review involving a juvenile out-of-home placement order is mandatory)).

pre-trial motions. Neither the Petition nor the trial court's opinion specify what Petitioner requested for discovery.

The Commonwealth did not provide discovery materials until either December 22, 2025, as averred by Petitioner, or December 26, 2025, after the December 22, 2025 run date, as stated by the trial court.[3] On December 29, 2025, Petitioner filed a motion for nominal bond pursuant to Pa.R.Crim.P. 600(B)(1). On January 8, 2026, Petitioner filed an omnibus pre-trial motion, the same day he received additional discovery materials, and on January 9, 2026, the court held a hearing on Petitioner's motion, at which the Commonwealth argued it was prepared to call the case for trial in the January term. The trial court denied Petitioner's motion by order and opinion on January 21, 2026, concluding that this Court's Memorandum decision in **Commonwealth v. Yancey**, 34 MDM 2024, 2025 WL 80039 (Pa. Super. Jan. 13, 2025), is persuasive in establishing that, because of Petitioner's October 2025 request for discovery and the court's setting of deadlines for discovery compliance and omnibus pre-trial motions, Petitioner would not be ready for trial by the run date:

> This Court does find *Yancey* persuasive in this matter. The filing of the defendant's Motion for Discovery and Enlargement of Time to File Omnibus Pre-Trial Motion and its averments indicate to this Court that the defendant wanted discovery provided by the Commonwealth before

---

[3] Petitioner avers that the Commonwealth provided further discovery materials on January 8, 2026.

trial, time to review it before trial and additional time from receipt and review of discovery to file and litigate an Omnibus Pre-Trial Motion before trial. Based upon the request, Judge George specifically ordered the Commonwealth to "provide any and all Discovery materials by [ ] December 18, 2025." Further, he ordered that "Defense Counsel shall have until January 2, 2026, to file a Motion for Omnibus Pre-Trial Relief." The nature of the request and the language of the Order dated November 18, 2025, demonstrates that the defendant was not prepared to go to trial without first receiving discovery, reviewing it and filing an Omnibus Pre-Trial Motion. The case would not be ready for trial at least until after January 2, 2026, because of the defendant's request to a specific date for the Commonwealth to provide discovery and to file an Omnibus Pre-Trial Motion. The delay between November 18, 2025, and January 2, 2026, a period of 45 days, is attributable to the defendant and the time is excluded from Pa.R.Crim.P. 600 time computation. Therefore, the 180-day run date under Pa.R.Crim.P. 600(B) would have been February 5, 2026, and there is no violation of said Rule that would entitle the defendant to nominal bond.

Petition, at unnumbered p. 26 (attaching Trial Ct. Op., filed 1/21/26). This timely Petition, filed February 20, 2026, followed.

Petitioner raises the following issue for review:

Did the lower court abuse its discretion when it determined that petitioner Fronius was not entitled to nominal bond under Pennsylvania Rule of Criminal Procedure 600(B) on the basis that, while Fronius has been incarcerated for over 180 days pending trial, the defense's request for discovery created a delay attributable to the defense and time was excludable from the 180 day calculation?

- 4 -

Petition, at xiii.

"In evaluating Rule [600] issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration." *Commonwealth v. Carl*, 276 A.3d 743, 748 (Pa. Super. 2022) (citation omitted).

> Issues of statutory construction involving the Pennsylvania Rules of Criminal Procedure present a pure question of law and, thus, our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Rushing*, 627 Pa. 59, 99 A.3d 416, 420 (2014).
>
> We begin by observing that we apply the Statutory Construction Act, 1 Pa.C.S. §§ 1501-1991, when interpreting the Rules of Criminal Procedure. ...
>
> [T]he principal objective of statutory interpretation and construction is to ascertain and effectuate the intention of the rule-making body. 1 Pa.C.S. § 1921(a). The plain language of a statute or rule is the best indication of this intent. The basic tenet of statutory construction requires a court to construe words of the statute according to their plain meaning. "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). Furthermore, the Statutory Construction Act requires penal provisions of statutes to be strictly construed, 1 Pa.C.S. § 1928(b)(1); thus, where an ambiguity is found in the language of a penal statute, such language should be interpreted in the light most favorable to the accused. Finally, courts must give effect to every provision of the statute, as the legislature is presumed not to intend any statutory language to exist as mere surplusage.

*Id.* at 749-50 (quoting *Commonwealth v. Santiago*, 270 A.3d 512, 516 (Pa. Super. 2022)). Although this Court's scope of review is plenary for purposes

of statutory construction, the scope of review for Pa.R.A.P. 600 challenges "is limited to the evidence on the Record of the Rule 600 evidentiary hearing, and the findings of the trial court. An appellate court must view the facts in the light most favorable to the prevailing party." ***Commonwealth v. King***, 839 A.2d 237, 240 (Pa. 2003).

Petitioner relies on Pa.R.Crim.P. 573(B), which provides: "(1) *Mandatory*. In all court cases, on request by the defendant. . . the Commonwealth shall disclose to the defendant's attorney all of the following requested items or information, provided they are material to the instant case. The Commonwealth shall, when applicable, permit the defendant's attorney to inspect and copy or photograph such items."

Rule 600(B) governs the duration of pretrial incarceration: "[N]o defendant shall be held in pretrial incarceration in excess of . . . 180 days from the date on which the complaint is filed[.]" Pa.R.Crim.P. 600 (B)(1). Rule 600(C) provides the pertinent guidelines for calculating the time: "For purposes of paragraph (B), only periods of delay caused by the defendant shall be excluded from the computation of the length of time of any pretrial incarceration. Any other periods of delay shall be included in the computation." Pa.R.Crim.P. 600(C)(2). Pretrial incarceration beyond the time period set forth in subsection (B) requires the immediate release of the defendant on nominal bail upon written motion by the defendant. Pa.R.Crim.P. 600(D)(2).

Unlike Pa.R.Crim.P. 600(A), upon which most Rule 600 case law is based, "Rule 600(B) does not on its face require a Commonwealth due diligence analysis as to period of delay." ***Commonwealth v. Bryant***, 2025 WL 3458579, at \*2 (Pa. Super. Dec. 2, 2025) (memorandum decision).[4] Though a defendant's mere filing of a pre-trial motion does not automatically result in time attributable to the defendant for Rule 600 purposes, the court may deem the defendant unavailable if the pre-trial motion causes a delay in the commencement of trial, thus rendering that time period excludable. ***See Commonwealth v. Hyland***, 875 A.2d 1175, 1190 (Pa. Super. 2005). Moreover, "[t]he period of time between the filing of a defendant's motion to dismiss pursuant to Rule 600 and the trial court's rendering a decision is excludable." ***Commonwealth v. Williams***, 876 A.2d 1018, 1020 n.6 (Pa. Super. 2005).

At issue is the time period between October 6, 2025, when Petitioner first requested discovery, through January 21, 2026, when the trial court denied Petitioner's motion for nominal bail. Three other dates within that time period are especially pertinent to the Rule 600(B) analysis: (1) December 18, 2025, the due date the trial court set for the Commonwealth to provide the requested discovery materials; (2) December 22, 2025, the initial Rule 600(B)

---

[4] Although ***Bryant*** is a non-precedential, memorandum decision, we cite and quote from it for its persuasive value. Pa.R.A.P. 126(b).

run date; and (3) December 29, 2025, the date Petitioner filed the instant motion for nominal bail.

Petitioner argues that his October 6, 2025, and November 18, 2025 motions for discovery are not attributable to him because motions for discovery are mandated by Pa.R.Crim.P. 573, are made in virtually all criminal cases when the defendant wants to review discovery, and are routine motions in criminal cases. Petitioner contends that the trial court erred in denying his request for nominal bail merely because he filed an omnibus pre-trial motion afterward. He asserts that the trial court erred in relying on **Yancey**, **supra**, because the **Yancey** decision addressed only whether the trial court erred in considering the Commonwealth's due-diligence for purposes of Rule 600(B), and declined to address whether delays were properly attributed to the Commonwealth. Petitioner concludes that the trial court abused its discretion in denying his motion for nominal bail. Although we agree that the trial court's reliance on **Yancey** is misplaced, we disagree with Petitioner that he was entitled to nominal bail.

Initially, we address the trial court's reliance on this Court's memorandum decision in **Yancey**, **supra**, in support of its finding that Petitioner was not prepared for trial by the run date. Although the trial court was well within its discretion to review and consider **Yancey** in light of the paucity of precedential case law addressing Rule 600(B) and nominal bail, we agree with Petitioner that **Yancey** applies to Petitioner's motion only to the extent that the Commonwealth's due diligence is not a consideration in a Rule

600(B) motion. In addressing whether the trial court properly declined to attribute to the Commonwealth the time period in question, the **Yancey** Panel specifically "decline[d] to review the merits of the trial court's reasoning. . . ." **See Yancey**, **supra** at *4. The **Yancey** Panel therefore affirmed because Yancey "[did] not establish[] grounds for relief." **Id.** Accordingly, **Yancey** did not approve, or disapprove, of the trial court's classification of excludable time on the merits.

Petitioner cites two cases in support of his argument that motions for discovery should be considered in the class of routine procedures that courts may not attribute to him. First, and primarily, Petitioner relies on **Commonwealth v. Mills**, 640 Pa. 118, 162 A.3d 323 (2017), where the Supreme Court of Pennsylvania, in a short Opinion, held that the 174-day period between the filing of the complaint and the status conference was not excludable because the Commonwealth did not argue that it was ready for trial in that time period. **See id.** at 122, 162 A.3d at 325. Petitioner then cites **Commonwealth v. Harth**, 666 Pa. 300, 252 A.3d 600 (2021), for the proposition that the Commonwealth's failure to provide for timely discovery cannot be attributed to the defense as causing a delay.

The cases upon which Petitioner relies are distinguishable. In **Mills**, the Supreme Court did not specifically address whether the 174-day period in question included time pertaining to discovery requests. A review, however, of the Superior Court's decision that the Supreme Court reversed indicates that the discovery period was not at issue. **See Commonwealth v. Mills**,

2016 WL 104533, at *2 ("Appellee sought time to explore the possibility of pursuing a decertification hearing and to complete discovery, and the parties agreed that those 71 days are not attributable to the Commonwealth."). In regard to **Harth**, the Supreme Court specifically stated that its holding applied to a Rule 600(A) motion to dismiss, in which the trial court must determine whether the Commonwealth "act[ed] with due diligence throughout the life of the case." **Harth**, **supra** at 329, 252 A.3d at 618. Although the **Harth** Court concluded that the Commonwealth failed to complete its discovery obligations up to the date of trial, it did not conclude that the entire period for discovery compliance would have been excludable in a non-due-diligence context, as would be necessary in a Rule 600(B) analysis.[5] Accordingly, even if we were to accept Petitioner's suggestion that discovery motions are routine in criminal cases by virtue of the Rules of Criminal Procedure, neither **Mills** nor **Harth** supports Petitioner's assertion that a "routine" motion cannot ultimately be attributed to a defendant, and we decline to hold as such.

Rather, we assess the time periods stated **supra**, beginning with October 6, 2025, when Petitioner first requested discovery. Upon initial review, there is no indication of what that request encompassed, as neither the Petition for Specialized Review nor the trial court's opinion provides that information. Petitioner's November 18, 2025 follow-up request for discovery,

---

[5] Moreover, the Supreme Court noted that the trial court continued the trial date several times, either for unstated reasons or because the Commonwealth failed to comply completely with its discovery obligations.

- 10 -

however, also contains a request for an extension of time to file omnibus pre-trial motions.[6] The trial court specifically found that

> [t]he filing of the defendant's Motion for Discovery and Enlargement of Time to File Omnibus Pre-trial Motion and its averments indicate to this Court that the defendant wanted discovery provided by the Commonwealth *before trial*, time to review it *before trial* and additional time from receipt and review of discovery to file and litigate an Omnibus Pre-Trial Motion *before trial*.

Petition, at unnumbered p. 26 (attaching Trial Ct. Op., filed 1/21/26). Although **Yancey** may not support the trial court's analysis, this Court's decision in **Hyland**, **supra**, does. As in **Hyland**, although we agree with Petitioner that the mere filing of the October 2025 discovery request did not automatically render him unavailable, the November 2025 request for an extension to file omnibus pre-trial motions confirmed his unavailability for trial until he received the requested materials, reviewed them, and filed omnibus pre-trial motions. The trial court's findings were further confirmed by Petitioner's filing of omnibus pre-trial motions on January 8, 2026. Accordingly, the trial court's decision is supported by **Hyland**, which our Supreme Court's decisions in **Mills** and **Harth** do not abrogate or refute.

Upon the filing of Petitioner's November 2025 request, the trial court gave the Commonwealth one month to provide discovery, a reasonable amount of time. At a minimum, the period between October 6, 2025, and

---

[6] We observe that, again, neither the Petition nor the trial court's opinion specifies what discovery Petitioner sought in his November 2025 motion.

December 18, 2025, was attributable to Petitioner. Even if the Commonwealth had timely complied on December 18, 2025, and assuming that Petitioner could have: (1) filed omnibus pre-trial motions on December 18, 2025; (2) litigated them by either the run date of December 22, 2025, or the date he sought nominal bail, December 29, 2025; and (3) proven he was ready for trial as soon as the pre-trial motions were ruled on, that time period would not have overcome the time attributable to him between October 6, 2025, and December 18, 2025. To the extent Petitioner argues the Commonwealth's late compliance, first on December 22, 2025 (four days late), then on January 8, 2026 (twenty-one days late), renders some period of time attributable to the Commonwealth, even a full twenty-five day attribution to the Commonwealth would not compare to the seventy-eight days attributable to Petitioner prior to December 18th, nor can we conclude, without knowing the discovery sought, that the trial court abused its discretion in attributing this time period to Petitioner.[7] Finally, once Petitioner filed the Rule 600(B) motion on December 29, 2025, the time afterward became attributable to Petitioner. *See Williams*, *supra* at 1020 n.6.[8]

---

[7] We, however, do not condone the Commonwealth's late compliance with the trial court's order, particularly when the initial Rule 600 run date was approaching.

[8] Although **Williams** addresses Rule 600(A) motions, we conclude that its holding regarding excludable time directly relates to assessments of whether Rule 600(B) motions are attributable to the defendant.

We conclude that, at the time the trial court denied Petitioner's request for nominal bail, the court did not abuse its discretion because most of the time between October 6, 2025, and January 21, 2026, was attributable to Petitioner. Accordingly, we affirm the trial court's order denying Petitioner's motion for nominal bail.[9]

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 06/22/2026

---

[9] Moreover, we observe that Pa.R.Crim.P. 573(B)'s mandatory disclosure of discovery by the Commonwealth to the defendant is triggered only "on request by the defendant." Accordingly, Petitioner's suggestion of an automatic attribution of time to the Commonwealth for Rule 573(B) compliance is not feasible, as a defendant could then file such a request for mandatory discovery on the run date and claim that the resultant delay could not be attributable to him. To the extent, therefore, that Petitioner attempts to distinguish the instant discovery obligations from those in **Commonwealth v. Walker**, 331 A.3d 43 (Pa. Super. 2025), *alloc. denied*, ___ Pa. ___, 343 A.3d 727 (2025), we deem it unnecessary to address the argument. **See id.** at 48 (holding that, for purposes of Rule 600(A) and (C)(1), court must assess cause of delay before proceeding to due-diligence inquiry, and that trial court's attribution of defendant's request for continuance to Commonwealth because of its failure to meet discovery obligations timely was in error).